UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  12-22426-CIV-MORENO

ELOY VALDES,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, THOMAS
MARTINEZ, ORLANDO SANCHEZ, WILLIAM
LOPEZ, and DANIEL PUERTO,

      Defendants.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTIONS TO DISMISS EXCEPT AS TO COUNTS 15 & 16

THE MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge for a Report and Recommendation on Defendants' Motions to Dismss **(D.E. Nos. 17 & 18)**, filed on **November 16, 2012**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 35)** on **June 14, 2013**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Alicia M. Otazo-Reyes' Report and Recommendation **(D.E. No. 35)** on **June 14, 2014** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)    Defendants Motion to Dismiss Counts 15 & 16 is GRANTED.

(2)    Defendants' Motions to Dismiss are DENIED with respect to all other counts.

## I. Background

Plaintiff has filed §1983 and common law claims against Miami-Dade County and Officers Thomas Martinez, Orlando Sanchez, William Lopez, and Daniel Puerto. The violations alleged occurred on two separate occasions. Plaintiff's contact with the Defendants began on February 21, 2008, when he was arrested on misdemeanor charges and taken to the Hammocks police station. Upon arrival at the station and while handcuffed, Plaintiff exclaimed "man, this f***ing sh** sucks." Officers Martinez, Sanchez, and Lopez then grabbed Plaintiff and rushed him into an elevator. Sanchez allegedly told him "[w]e are gonna show you how we do it in our house," and Martinez told Plaintiff that he wanted Plaintiff "to remember my face." The officers took him into an interview room, where Martinez uncuffed him and removed the Plaintiff's glasses. The Plaintiff was then pushed to the ground, and Sanchez and Lopez repeatedly kicked him, while Martinez left the room. Plaintiff claims eh sustained bruising, burns, and lacerations as a result of the beating. On April 21, 2008, Plaintiff filed a complaint against Martinez, Sanchez, and Lopez with Miami-Dade County's Professional Compliance Bureau. An investigation into the officers was opened.

On November 27, 2008, Thanksgiving Day, Plaintiff went with his father and child to Sedano's market in Miami to make purchases. Plaintiff alleges that he recognized Martinez, who was off duty at the time, in line. He claims he asked Martinez if he was a police officer, that Martinez responded in the affirmative, and that Martinez repeatedly challenged him to go outside and resolve the "problem." Martinez went outside and notified Puerto, who came back inside. Plaintiff alleges both officers again confronted Plaintiff. Puerto told Plaintiff he needed to come outside. As they were walking out, Puerto told Plaintiff that he was under arrest. Plaintiff alleges Puerto did not speak to any witnesses, nor did he examine the video surveillance footage. Martinez told Plaintiff that he

was going to jail, and, as a result, would not be able to "eat any f***ing turkey." Pursuant to a search incident to arrest, the officers found a firearm on Plaintiff's person. Plaintiff alleges that the officers "knew for a fact Plaintiff had a license to carry a firearm," but they nevertheless arrested Plaintiff for carrying a concealed weapon. Plaintiff was arrested on felony charges of aggravated assault on a police officer, threatening a public servant, and misdemeanor counts of disorderly conduct and resisting arrest. Plaintiff claims no probable cause existed for the arrest. The State Attorney declined to prosecute the felony charges, and was acquitted on the misdemeanors.

Plaintiff filed his Complaint on **February 21, 2012.** Plaintiff filed his amended complaint in state court on **March 19, 2012.** The amended complaint contained 16 claims against the officers and one claim against Miami-Dade County. This case was removed to the Southern District of Florida on **June 29, 2012.** The officers moved to dismiss the claims against them and Miami-Dade County filed its motion to dismiss on **November 16, 2012.** This case was referred to Magistrate Judge Alicia M. Otazo-Reyes. Judge Otazo-Reyes filed her Report and Recommendation on **June 14, 2013.** The Defendants filed their objections on July 12, 2013, and Plaintiff filed his reply on **July 26, 2013.**

## II. Analysis

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal

conclusions. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).   Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.   Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).   In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### A. The Magistrate was Correct in Denying the Officers' Motion to Dismiss regarding Counts 1-7

Counts 1-7 deal with the February 21, 2008 incident. Counts 1-3 are battery claims against Officer Sanchez, Lopez, and Martinez, respectively. Count 4 is a concert of action for battery claim against all three officers. Counts 5-7 are § 1983 claims against Martinez, Sanchez, and Lopez, respectively. The Magistrate properly concluded that the Court should deny the motion to dismiss with respect to each count. The Defendants have objected solely to the counts against Officer Martinez, counts 3-5. The Defendants' objections, however, are unpersuasive.

Officer Martinez argues that the § 1983 excessive force and common law battery claim should be dismissed because no physical contact is alleged. Martinez's claim is incorrect. First, Plaintiff did, in fact, allege physical against Martinez. Plaintiff alleges that Martinez and Sanchez "grabbed Plaintiff's head and pushed it against the elevator wall" while Plaintiff was handcuffed at the station. Martinez has provided no argument as to why pushing Plaintiff's head against the wall would not count as physical contact. Thus, the common law battery claim has been properly alleged.

Second, regarding the beating in the interview room, Martinez has argued that Plaintiff cannot go forward on the § 1983 claim because it did not specifically allege the failure to intervene

theory in addition to arguing that there was no physical contact. Defendant's theory of the law is incorrect. It is axiomatic that "[i]t is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983.Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1442 (11th Cir. 1985); *Skrtich v. Thornton,* 280 F.3d 1295, 1301 (11th Cir. 2002). Officer Martinez's claim that he"cannot fairly answer and defend a claim that does not appear in the operative complaint" is unavailing.

### B. The Magistrate did Not Err in Denying the Motion to Dismiss with Respect to the Claims Against Officer Puerto

Defendants further argue that the Magistrate erred in dismissing the claims with respect to Officer Puerto during the Thanksgiving Day incident. The Defendants argue that Puerto is immune from liability under the "fellow officer rule." However, the Defendants' reliance is mistaken. "In broad terms, the collective knowledge of police investigating a crime is imputed to each member under a rule of law often called the 'fellow officer rule' or 'collective knowledge doctrine.'" *Voorhees v. State,* 699 So.2d 602, 609 (Fla. 1997) (*citing Johnson v. State*, 660 So.2d 648 (Fla. 1995). Judging solely on the factual allegations, as this Court must at this stage, Plaintiff has sufficiently alleged that Martinez did not have probable cause to arrest the Plaintiff. The Magistrate was correct in concluding that collective knowledge is thus "imputed" to Officer Puerto.

Defendants rely on *Williams v. Miami-Dade Police Dept.*, 297 Fed.Appx. 941 (11th Cir. 2008) for the proposition that the fellow officer rule applies in the case at bar. In *Williams*, Defendant Officer Baaske falsified evidence against Defendant. *Id.* at 946. He then gave that falsified

information to two other officers, who arrested the Plaintiff. *Id.* In holding that the fellow officer rule applied, the Court stated that "[r]egardless of whether Baaske falsified evidence against [Plaintiff], there is no evidence that Carey and McIntosh knew that Baaske's representations might be false." *Id.*

The case at bar is clearly distinguishable from *Williams.* After Martinez and Plaintiff's encounter began to escalate, Plaintiff's father said he would call the police, at which time Martinez said, "I am the f***ing police." Plaintiff's father then called 911. At that time, Officer Martinez went outside and got Officer Puerto. Puerto walked up to Plaintiff, asked what his problem was, told Plaintiff he needed to speak with him outside, and arrested him without conducting an investigation. There were witnesses to the altercation, a surveillance video, and Plaintiff's father had called 911. The fellow officer rule does not relieve police officers of conducting an investigation when it is safe and feasible to do so. *See e.g. Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999). Additionally, Plaintiff repeatedly told Officer Puerto after arrest that the statements Officer Martinez was making were false. Thus, construing all evidence in favor of the Plaintiff, "there is evidence that [Puerto] knew that [Martinez'] representations might be false." Because of this, the fellow officer rule does not apply.

Defendants also argue that the Magistrate erred because no clearly established law prevented Officer Puerto from relying on the information given to him by Officer Martinez. This argument is unpersuasive. For Plaintiff's section 1983 claim to survive Defendant's claim of qualified immunity, this Court must determine that (1) whether there was a violation of a constitutional right, and (2) whether that right was clearly established. *Scott v. Harris*, 550 U.S. 372, 377 (2007). The Court may conduct this analysis in any order, but both questions must be resolved against the officers. *Pearson v. Callahan*, 555 U.S. 223 (2009).

First, it is clear that an arrest without probable cause violates the Fourth Amendment. *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003). In essence, Defendant's argue that no clearly established prevented Puerto from relying on a fellow officer's information. This statement, however, does not provide Puerto with the talismanic protection which he seeks. Indeed, at the Motion to Dismiss stage, Plaintiff has provided ample evidence for his motion to survive.

In *Kingsland v. City of Miami*, the 11th Circuit held that "[w]e cannot allow a probable cause determination to stand principally on the unsupported statements of interested officers, when those statements have been challenged and countered by objective evidence." *Kingsland v. City of Miami*, 382 F.3d 1220, 1228 (11th Cir. 2004). The Court in *Kingsland* agreed with Plaintiff that "objectively, officers should not be permitted to turn a blind eye to exculpatory information that is available to them, and instead support their actions on selected facts they chose to focus upon." *Id.*

In *Kingsland*, Plaintiff was in a car accident with a police officer. *Id.* at 1224. Numerous Police officers responded to the scene after the officer made a radio call. *Id.* Plaintiff contended that the responding officers investigated solely to corroborate their fellow officer's version of events, that facts supporting the probable cause determination were fabricated, and that exculpatory evidence was ignored. *Id.* at 1224-1226. The 11th Circuit reversed the district court's grant of qualified immunity at the summary judgment stage, reasoning that "[w]ithout further factfinding, it is impracticable to conclude that arguable probable cause existed for Kingsland's arrest when it is unclear how much of the proffered evidence tending to support a finding of arguable probable cause was manufactured or misrepresented, or what further knowledge, if any, would be attributed to the defendants if they had investigated reasonably. *Id.* at 1232.

The case at bar is squarely on point with *Kingsland*. Officer Martinez had a history with the

Plaintiff, a history which included an alleged beating and an internal affairs investigation initiated by Plaintiff. Plaintiff alleges that Officer Puerto conducted no investigation and arrested Plaintiff solely because Officer Martinez told him to do so. The Court finds that it was clearly established in 2008 both that "a probable cause determination to stand principally on the unsupported statements of interested officers, when those statements have been challenged and countered by objective evidence" and that "officers should not be permitted to turn a blind eye to exculpatory information that is available to them, and instead support their actions on selected facts they chose to focus upon. Thus, Officer Puerto's claim of qualified immunity does not bar Plaintiff's case at this stage.

### C. The Magistrate did not Err in Denying Defendant's Motion to Dismiss the Concert of Action Claims

Defendants further object that the Magistrate erroneously expanded the concert of action doctrine. Defendants argument is not persuasive. The "general rule of liability provides that 'all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him." W. Prosser, Law of Torts 59 (3d ed. 1964) (*quoted in Anderson v. Nosser*, 438 F.2d 183, 198 (5th Cir. 1971) (*modified on rehearing* 456 F.2d 835)). This general rule has been applied to police officers. *See Anderson v. Nosser*, 438 F.2d at 198; *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963).[1] The Magistrate did not err in denying Defendant's Motion to Dismiss and permitting the concert of action claims to proceed.

---

[1]All Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding precedent upon the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

**D. The Magistrate was correct in finding that Officer Sanchez Waived his Right to Challenge the Sufficiency of Service of Process in State Court**

Defendant Sanchez objects to the Magistrate's finding that Officer Sanchez waived his right to challenge the sufficiency of service of process in state court. The Magistrate found that "the parties agreed" that the motion to quash was filed so that Plaintiff's counsel could reattempt service. Defendant now argues that the motion "was filed at Plaintiff's request" as thought that it is a distinguishing factor. Defendant filed the motion. Even assuming *arguendo* that it was filed at Plaintiff's request, the fact that it was filed *by Officer Sanchez* demonstrates that the parties agreed to file the motion to quash. Officer Sanchez torturous twisting of the word 'agree' in Defendants' Objections does not change the fact that the Magistrate properly concluded that "the sufficiency of service of process [after an action has been removed] is determined according to federal law." *Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998). Thus, the Magistrate was correct in denying Officer Sanchez's Motion to Dismiss.

**E. The Magistrate was Correct in Denying the Miami-Dade County's Motion to Dismiss**

Defendant Miami-Dade County argues that the Magistrate erred by denying its motion to dismiss on the basis of sovereign immunity. The County's argument, however, misses the mark. Plaintiff is permitted to plead in the alternative. Fed. R. Civ. P. 8(e)(2). Further, Plaintiff has filed claims under Fla. Stat. § 768.28. The "nature of Florida Statutes § 768.28 tends to require a plaintiff to plead alternative and inconsistent claims against a government entity and its employees." *Pettihomme v. Cnty. of Miami-Dade*, 2011 WL 3648622 (S.D. Fla. Aug. 16, 2011). Defendant's objections reiterate the arguments that were rejected by the magistrate. This Court should reject them as well.

**IV. Conclusion**

The Court hereby ADOPTS the Report and Recommendation. The Officers' Motion to Dismiss is GRANTED with respect to Counts 15 and 16, and DENIED with respect to all other Counts. Miami-Dade County's Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of September, 2013.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Alicia M. Otazo-Reyes

Counsel of Record