UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22426-CIV-MORENO/O'SULLIVAN

ELOY VALDES,

    Plaintiff,

v.

MIAMI-DADE COUNTY, THOMAS
MARTINEZ, ORLANDO SANCHEZ,
WILLIAM LOPEZ and DANIEL PUERTO,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Motion to Determine Conflict of County Attorney Based Upon Its Simultaneous Representation of Defendants, Thomas Martinez, Daniel Puerto, and Miami-Dade County and to Disqualify (DE# 65, 1/20/15). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b). See Order of Referral to Magistrate Judge O'Sullivan Regarding Motion to Determine Conflict (DE# 16, 9/19/11).

## BACKGROUND

The plaintiff filed the instant motion on January 20, 2015. See Motion to Determine Conflict of County Attorney Based Upon Its Simultaneous Representation of Defendants, Thomas Martinez, Daniel Puerto, and Miami-Dade County and to Disqualify (DE# 65, 1/20/15). The defendants filed their response on February 6, 2015. See Defendants' Response to Plaintiff's Motion to Determine Conflict and to Disqualify (DE# 71, 2/6/15). The plaintiff filed his reply on February 17, 2015. See Plaintiff's Reply

to Defendants' Response to Motion to Determine Conflict of County Attorney Based upon its Simultaneous Representation of Defendants, Thomas Martinez, Daniel Puerto and Miami-Dade County and to Disqualify (DE# 74, 2/17/15).

## STANDARD OF REVIEW

"The standards of professional conduct of the members practicing before this Court include the current Rules Regulating the Florida Bar." General Cigar Holdings, Inc. v. Altadis, S.A., 144 F. Supp. 1334, 1338 (S.D. Fla. 2001). The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." Hermann v. GutterGuard, Inc., 199 F. App'x 745, 752 (11th Cir. 2006) (citing In re Bellsouth Corp., 334 F. 3d 941, 961 (11th Cir. 2003)).

Disqualification of counsel is a drastic remedy and will not be granted lightly. See Metrahealth Ins. Co. v. Anclote Psychiatric Hospital, Ltd., 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (noting that an order for disqualification is a "drastic means which courts should hesitate to impose except when absolutely necessary.") (citation omitted). A disqualification of counsel must be sparingly granted because it "serves to destroy relationships by depriving a party of counsel of their own choosing." Whitener v. First Union Nat. Bank of Florida, 901 So. 2d 366, 369 (Fla. 5th DCA 2005).

## ANALYSIS

Rule 4-1.7 of the Rules Regulating the Florida Bar governs conflicts between attorneys and current clients. Schulte v. Angus, 14 So. 2d 1279, 1280 (Fla. 3d DCA 2009). The Rule states in pertinent part:

> (a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer must not represent a client if:

2

(1) the representation of 1 client will be directly adverse to another client; or

(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Informed Consent. Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

(c) Explanation to Clients. When representation of multiple clients in a single matter is undertaken, the consultation must include an explanation of the implications of the common representation and the advantages and risks involved.

R. Regulating Fla. Bar 4-1.7.

The plaintiff argues that the Miami-Dade County Attorney's Office has an actual conflict of interest in the instant case because under section 768.28(9) of the Florida Statutes either Miami-Dade County will be held liable or the officers will be held liable for the false arrest claim. The plaintiff has proffered that in deposition testimony Sargent Martinez testified that he was fearful of the plaintiff and had conveyed that information to Officer Puerto at the time of the arrest. Officer Puerto admitted during his deposition that this communication did not take place.[1] The defendants maintain that the plaintiff

---

[1] The depositions of Sargent Martinez and Officer Puerto have not been transcribed yet.

has no standing to bring the instant motion, that the motion is premature and that no conflict exists.

The Court finds that the plaintiff has standing to file the instant motion. See Zarco v. Supply Co. v. Bonnell, 658 So.2d 151, 154 (Fla. 1st DCA 1995) (stating that "[o]pposing counsel may seek disqualification where the conflict of interest clearly calls into question the fair or efficient administration of justice.") (citation and internal quotation marks omitted). The Court further finds that there is no appearance of impropriety and that the plaintiff has not shown an actual conflict. The plaintiff has barely shown the potential for a conflict based on the proffered deposition testimony of Sargent Martinez and Officer Puerto.

On February 24, 2015, the undersigned held a hearing on the instant motion. Kenneth McCoy (a claims adjuster with Miami-Dade County) and Sargent Martinez appeared in person at the hearing. Officer Puerto appeared by telephone. During the hearing, the Court heard argument of counsel and reviewed ex parte representation letters[2] signed by Sargent Martinez and Officer Puerto. The Court inquired of Mr. McCoy, Sargent Martinez and Officer Puerto. All three individuals represented to the Court that they were aware of any and all conflicts or potential conflicts[3] and that they agreed to have the Miami-Dade County Attorney's Office represent them in this matter. Under the facts and circumstances of this action, disqualification is not warranted.

---

[2] These letters will be filed under seal by the Miami-Dade County Attorney's Office.

[3] Although Mr. McCoy did not review the representation letters signed by Sargent Martinez and Officer Puerto, he is familiar with the form of this letter and has reviewed similar letters in the past.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Determine Conflict of County Attorney Based Upon Its Simultaneous Representation of Defendants, Thomas Martinez, Daniel Puerto, and Miami-Dade County and to Disqualify (DE# 65, 1/20/15) is **GRANTED in part and DENIED in part**. The Court finds that any conflict has been waived by Miami-Dade County, Sargent Martinez and Officer Puerto in this lawsuit and the Miami-Dade County Attorney's Office will be allowed to represent the defendants in this case.

DONE AND ORDERED in Chambers, in Miami, Florida, this 24 day of February, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record