UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-22426-Civ-MORENO/O'SULLIVAN

ELOY VALDES,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
THOMAS MARTINEZ, individually,
ORLANDO SANCHEZ, individually,
WILLIAM LOPEZ, individually, and
DANIEL PUERTO, individually,

    Defendants.
_____/

**DEFENDANTS' OMNIBUS MOTION IN LIMINE
AND INCORPROATED MEMORANDUM OF LAW**

    Defendants move *in limine* to exclude the following evidence during trial in this case: (1) evidence of alleged violations of internal police department rules, regulations, or procedures (2) character evidence such as past complaints, discipline, or other purported prior bad acts of the police officers and (3) testimony challenging the validity of Plaintiff's arrest on February 21, 2012. Counsel conferred at length regarding these items. Plaintiff's positions are noted in the body of the motion.

    **1.** **Police Department Internal Rules and Procedures:** Plaintiff should be barred from introducing evidence, including in cross-examination, that the officers violated police procedures or regulations. The introduction of evidence that police officers violated a standard of conduct other than the standard governing Plaintiff's claims for liability in this action is not relevant under Fed. R. Evid. 401 and is inherently prejudicial under Fed. R. Evid. 403 because it creates the obvious risk that the jury will improperly infer that the Officers are liable for the claims asserted in this action based on their allege violation of internal police rules and procedures.

Plaintiff indicated that he intends to introduce evidence that the Officers placed him in an interview room but did not interview him in violation of departmental procedures and that they did not follow other protocols related to the enforcement sweep that was occurring during his arrest on February 21, 2008. Defendants are not aware that any such regulation exists. Nevertheless, this evidence is not relevant, it is prejudicial, and cannot be used to prove that the Officers committed an assault and battery or used excessive force on February 21, 2008.

The cases clearly hold that police regulations are not relevant in cases for intentional torts. *See Virginia v. Moore*, 553 U.S. 164, 176, 128 S. Ct. 1598, 1607 (2008) (rejecting § 1983 claim based on state limitations to police arrests that provided a more protective standard than the Fourth Amendment); *Wilson v. Meeks*, 52 F.3d 1547, 1554 (10th Cir. 1995) (reversing denial of summary judgment based on qualified immunity and holding that officer's failure to follow police department regulation requiring warning before using deadly force was only relevant to the city's derivative liability in training officers but that the excessive force inquiry must focus on "whether the officer was in danger at the moment of the threat"); *Dewitt v. Pratt*, 999 F.2d 774, 777, 780 (4th Cir. 1993) (officer's failure to display badge and announce himself during warrantless arrest may have violated state statute but did not give rise to constitutional violation; officer was entitled to use deadly force because of the threat of serious bodily harm to himself); *Brown v. City of Clewiston*, 644 F. Supp. 1417, 1420-21 (S.D. Fla. 1986) (even if "the police department regulations . . . did not authorize the use of deadly force in [this] situation . . . these regulations may not be used to impose civil liability on a police officer. . . . Where an officer violates the stricter department regulations, the department may legally reprimand the offending officer. However, in an action at law for civil damages, it is the state standard [for civil liability] which is controlling, not the narrower departmental regulations.").

The introduction of this evidence is reversible error because it will confuse the jury as to the proper standard by which to evaluate the officers' conduct. *City of St. Petersburg v. Reed*, 330 So. 2d 256, 258 (Fla. 2d DCA 1976) (police department procedures on use of force are applicable **to department's discipline of its officers** but trial court committed reversible error in admitting them in assault and battery action against police officer) (citing *Chastain v. Civil Serv. Bd. of Orlando*, 327 So. 2d 230, 231 (Fla. 4th DCA 1976). The only standard of conduct that should be presented to the jury is the one in the jury instructions—not the MDPD's internal rules and procedures. The remedy for violating these rules is an IA complaint, not a civil action.

2

**2.     Prior Bad Acts By Police Officers:**  Plaintiff should be barred from introducing evidence or questions of the Officers regarding any alleged prior bad acts (e.g., past complaints, disciplinary histories, etc.).  *See* Fed. R. Evid. 404(a). *E.g.*, *Shannon v. Koehler*, C 08-4059-MWB, 2011 WL 10483363, at *10 (N.D. Iowa 2011).

Plaintiff advised that he agrees not to introduce any purported prior bad actions, including the disciplinary history of the defendant-officers in this case and any prior complaints against the officers by third-parties.  The parties agree that Plaintiff's own IA complaint in this case arising out of his February 21, 2008 arrest should be excluded from this ruling.

**3.     Estoppel Based On Criminal Conviction:**  Plaintiff should be barred from testifying that he did not resist without violence when he was arrested on February 21, 2008.  Plaintiff took a plea on this charge and the Court withheld adjudication.  However, Plaintiff testified in his deposition that he did not resist arrest in anyway.

"A criminal conviction may be used as ***conclusive proof*** of some issues in a subsequent civil litigation."  *United States v. Satterfield*, 743 F.2d 827, 838 (11th Cir. 1984) (emphasis added).  A conviction resulting from a guilty plea has the same effect because a "court cannot enter judgment upon the plea unless it determines that a factual basis exists for it."  *Matter of Raiford*, 695 F.2d 521, 523 (11th Cir. 1983); *see also State Farm Fire and Cas. Co. v. Fullerton*, 118 F.3d 374 (5th Cir. 1997) (applying Texas law and holding that a guilty plea serves as "full and fair litigation" and precludes civil litigation of same issues); *Merchants Mut. Ins. Co. v. Arzillo*, 98 A.D.2d 495, 504 (N.Y.App. Div. 1984) (noting that ample authority exists for the general proposition that a guilty plea is equivalent to a conviction and precluding a relitigation in a subsequent civil action of all issues necessarily determined by the conviction).

Florida has specifically enacted two statutes specifically estopping criminal defendants from re-litigating their conviction in future civil proceedings.  *See* Fla. Stat. § 772.14 ("A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action . . . shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.").  Fla. Stat. § 772.102 defines the activities to which § 772.14 applies, which include resisting without violence.  *See* Fla. Stat. § 772.102(29).  Florida courts apply this rule even when, as here, there is a withhold of adjudication.  *See Smith v. Bartlett*, 570 So. 2d 360 (Fla. 5th

DCA 1990); *see also* Fla. Stat. **§** 775.089(8) ("The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding.") (emphasis added).

Plaintiff agrees not to challenge the lawfulness of his arrest or claim that he did not resist arrest so long as the circumstances surrounding his arrest are universally excluded from the jury. However, as Defendants will explain in response to Plaintiff's Motion in Limine, they do not agree to this condition because the circumstances surrounding Plaintiff's arrest should be admissible to show his motive, intent, and state of mind under Fed. R. Evid. 404(b).

**4.** Finally, should pretrial rulings prevent the two incidents alleged in the complaint from being tried simultaneously it may be appropriate to address the issue of whether *any* information regarding the untried incident should be presented to the jury. The parties agree that it is premature for the Court to address this issue.

Dated: April 14, 2015.

Respectfully submitted,

R. A. CUEVAS, JR.
MIAMI-DADE COUNTY ATTORNEY

By: /s/ Ezra S. Greenberg
Ezra S. Greenberg
Assistant County Attorney
Fla. Bar. No. 85018
Miami Dade County Attorney's Office
111 N.W. First Street, Suite 2810
Miami, FL 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5643
Email: ezrag@miamidade.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on April 14, 2015 on all counsel of record via CM/ECF.

/s/ Ezra S. Greenberg
Assistant County Attorney

4