UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-22426-civ-MORENO

**ELOY VALDES**,

          Plaintiff,

vs.

**THOMAS MARTINEZ, individually,**
**ORLANDO SANCHEZ, individually,**
**WILLIAM LOPEZ, individually,**
**DANIEL PUERTO, individually, and**
**MIAMI-DADE COUNTY, FLORIDA**,

          Defendants.

_____/

## PLAINTIFF'S  MOTIONS IN LIMINE

Plaintiff, ELOY VALDES (hereinafter referred to as the Plaintiff), pursuant to Court Order [DE 55:1], Fed.R.Evid. 401, 402, 404, 702, Fed.R.Civ.P. 26 and 37, hereby submits the following motions in limine:

1.      A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

2.      Fed.R.Evid, 104 provides, generally, that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . ."  Fed. R. Evid. 104.

-1-

3.      Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the Evidence." Fed. R. Evid. 401. Regarding the admissibility of evidence generally, Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

4.      The exclusionary standard contained with Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

**a.**
**Exclusion of Results of the Internal Affairs Investigation of the "First Incident"**

Plaintiff moves to exclude the result of the Miami-Dade Police Department's internal affairs investigation into the incident of February 21, 2008 as irrelevant under Fed.R.Evid. 401, improper under Rule 404, and prejudicial under Rule 403.

The results of that investigation is not evidence of the correctness of the Officers' actions in the first incident.  Moreover, on Thanksgiving Day 2008, Plaintiff and Sgt. Martinez believed the investigation was still  open.  The results of subsequent investigations are typically not admissible in civil rights actions.  See *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986).  See also *Morris v. Long*, 2012 WL 1498889, *4 (E.D. Cal. April 27, 2012)(internal affairs investigation

results are irrelevant and inadmissible).

**b.**
**The Lawfulness of the Arrest of February 21, 2008**

Plaintiff was arrested by Officers Polack and Chica on February 21, 2008 for resisting arrest without violence. According to the Officers, when the Officers came in contact with Plaintiff and took him upstairs to an interview room, they had no idea who had arrested him, for what crime or what the underlying facts were.  Plaintiff contends that underlying facts and circumstances of his arrest for resisting arrest without violence, and his plea to said charge in county court,  as irrelevant under Fed.R.Evid. 401, improper under Rule 404, and prejudicial under Rule 403.

The claims brought against the Officers as to the "first incident" relate solely to the gratuitous use of force Officers used upon Plaintiff.  There is no claim for false arrest. The right of a person who has been legally arrested to not be subjected to excessive force was also clearly established on February 21, 2008. See *Hancock v. Hobbs*, 967 F.2d 462 (11th Cir. 1992); *Vazquez v. Metropolitan Dade County*, 968 F.2d 1101 (11th Cir. 1992). *See also* §776.05, Fla. Stat.

**c.**
**Precluding Argument or Comment**
**as to Information Defendants Learned regarding Plaintiff's Arrest of February 21, 2008**

As noted above, the Officers involved in the first incident  had no idea who had arrested him, for what crime or what the underlying facts were.  Plaintiff also moves to preclude the Officers from justifying any force used against him on the basis of any information other than that known to him at the time of incident.  As the Court well knows, the defendant officer's use force and/or arrest must be justified based on the information then known to him, not later-acquired information.  See

*Forrett v. Richardson*, 112 F.3d 416, 420 (9th Cir. 1997); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation").

**d.**
**Excluding Evidence or Comments as to Arrests Preceding February 21, 2008**

Plaintiff does not have any prior criminal offenses that would be admissible for purely impeachment purposes under the Federal Rules of Evidence. On October 20, 2001, Plaintiff was arrested for disorderly intoxication and released. He later entered and completed the "Pretrial Intervention" program, successfully completed same, resulting in a dismissal of the charge. On December 29, 2001, he was arrested for conduct business without a license. He was also released. Those charges were dismissed. As a result, he was not convicted of any crime in either case. Both cases were misdemeanors.

In a civil case, to attack a witness's character for truthfulness by evidence of a criminal conviction, the crime must have been punishable by death or by imprisonment for more than one year. Fed. R. Evid. 609(a)(1). Even if Plaintiff's prior arrest had resulted in a criminal conviction, the charges were not punishable by more than one year in prison. Rule 609 also allows impeachment with a criminal conviction, regardless of punishment, if the elements of the crime required proving a dishonest act or false statement. Fed. R. Evid. 609(a)(2). He was not convicted.

Therefore, all of the above-discussed evidence would be improperly admitted under Rules 404(b), 608(b), and 609 and would only serve to label the plaintiff as a "bad person" and unduly prejudice him under Rule 403.

-4-

**e.**
**Excluding Bad Character Evidence or Reference Thereto**

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The rule's exclusion of such evidence applies to both criminal and civil cases.  *Reyes v. Missouri Pacific R. R. Co.*, 589 F.2d 791, 793 (5th Cir. 1979).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  See e.g.,  *Carson v. Polley*, 689 F.2d 562 (5tyh Cir. 1982)("Under the general policy of excluding character evidence, evidence of Holley's and Ellis' bad tempers would not be admissible to show that their actions toward Carson conformed to their bristly characters, even when self-defense is at issue.")

Moreover,"[c]haracter evidence is normally not admissible in a civil rights case."  *Gates v. Rivera*, 993 F.2d 697, 707 (9th Cir 1993)(in civil rights case, officer who shot a suspect should not have been allowed to testify that in his entire career, he had not shot anyone), citing *Cohn v. Papke*, 655 F.2d 191, 193 (9th Cir.1981).  Thus, Defendants can nor more use prior conduct to prove Plaintiff's bad conduct and propensities that Plaintiff can use  prior third party complaints against the Officers to prove they acted in conformity therewith on  the date(s) of incident.  See e.g., *Unites States v. Lynch*, 367 F.3d 1148, 1559-1561 (9th Cir. 2004).

Rule 404(b) has a number of "exceptions" -- purposes for which such evidence will be admissible, namely proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b). The Supreme Court of the United States

has enunciated a four-part process to determine whether evidence is admissible under rule 404(b). *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).To determine whether Rule 404(b) evidence was properly admitted we look to [a] four-part test . . . : (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Id.*

"[A] broad statement merely invoking or restating Rule 404(b) will not suffice." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). Defendants must demonstrate the s[pecific purpose of any such evidence so this Court can determine whether the evidence is material, and if so, conduct a balancing test pursuant to Rule 403.

### f.
### Prohibiting the Officers from Presenting Evidence of "Good Character"

The Officers suggest that they will seek to introduce evidence contained within their personnel files, such as commendations, letters of recognition, awards, etc., which are irrelevant as to the claims made by the Plaintiff or as to any of the Officers' affirmative defenses.  Not only have these records never been disclosed pursuant top Rule 26, as noted above, evidence of a person's character or character trait is not admissible to show that on a particular occasion the person acted in accordance with the character or trait.  Fed.R.Civ.P. 404(a). Even where a person's credibility has been attacked, extrinsic evidence contained within the Officers' personal files is inadmissable. Fed.R.Evid. 608(b).  This type of evidence is collateral, without probative value.  As such,  the

-6-

evidence is inadmissible and should not be inquired into pursuant to Rules 403 and 608(b). See .g.,

*United States v. McGee*, Case No. CR-12-005-EMC *2 (N.D. Cal., February 21, 2013).

**g.**
**Prohibiting the Defendant Officers or Officers From Rendering Expert Opinions**

Plaintiff also moves to preclude any law enforcement expert testimony, since no expert reports were produced during discovery, as required by Fed.R.Civ.P. 26(a)(2)(B). The rule requires the provision of an expert report for any employee whose duties regularly involve giving expert testimony or who was specially employed to provide such testimony. See *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)(noting its agreement with *Day v. Consolidated Rail Corp.*, 1996 WL 257654 (S.D.N.Y. 1996),which held that allowing a blanket exception for all employee expert testimony under Rule 26(a)(2)B) would "create a category of expert trial witnesses for whom no written disclosure is required").  See also  *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 689 (M.D.Ala.2000) (quoting *Day* extensively); *Minn. Mining & Manuf. Co.*, 177 F.R.D. 459, 460 (D.Minn. 1998) (same).  Therefore, consistent with Rules 26(a)(2)(B) and 37(c)(1), any law enforcement expert should be precluded from testifying.

**h.**
**Prohibiting the Officers from Commenting on the Credibility of Other Witnesses**

The Officers, counsel and their witnesses should be prohibited from  asking a witness, commenting upon or making reference to another witness lying or offering their personal view on the credibility of a fellow witness. *Wilson v. McNeil,* Case No. 07-23016-civ-Lenard/White (March 31, 2011), citing *United States v. Sullivan*, 85 F.3d 743, 750 (1st Cir. 1996)(finding that "was-the-witness-lying"questions should not have been posed by prosecutors);*United States v. Boyd*, 54 F.3d 868, 871 (D.C. Cir. 1995)(finding improper the prosecutor's questions to defendant as to why police

officers were "making this up" and putting their careers on the line "to get" him)(remaining citations omitted).   Testimony and comments upon the credibility of any witness or party is clearly be improper. *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989).  See also *United States*

*v. Komisaruk*, 885 F.2d 490, 494 (9th Cir. 1989)(testimony introduced to bolster or impugn the credibility of a witness is properly excluded); *Knowles v. State*, 632 So.2d 62, 65-66 (Fla.1993)(noting that "allowing one witness to offer a personal view on the credibility of a fellow witness is an invasion of the province of the jury to determine a witness's credibility.") *Rowles v. State*, 613 So.2d 1335 (Fla. 2d DCA 1993)(where expert testified that it was his opinion that child witness was being truthful was deemed a direct comment on the credibility of the victim).

Plaintiff moves in limine to prohibit the Officers and their witnesses  from testifying as to the credibility of the Plaintiff, or any of his witnesses, including any assertion Plaintiff is "lying." *Knowles*, 632 So.2d at 65. See also *Page v. State*, 733 So.2d 1079, 1081 (Fla. 4th DCA 1999).

### i.
### Prohibiting Golden Rule References

A golden rule argument suggests to jurors that they put themselves in the shoes of one of the parties, and is impermissible because it encourages the jurors to decide the case on the basis of personal interest and bias rather than on the evidence. *Cummins Alabama, Inc. v. Allbritten*, 548 So.2d 258, 263  (Fla. 1ˢᵗ DCA 1989)(citing *Schreidell v. Shoter*, 500 So.2d 228 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 299 (Fla.1987).  Pursuant to Fed. R. Evid. 401 and 402, the Eleventh Circuit has held that "Golden Rule" references are improper. See *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068 (11th Cir. 1996). Such evidence is not relevant and would be highly prejudicial. Fed. R. Evid. 402, 403, 411.

**j.**

## Prohibiting Jury Nullification and Conscience of the Community Arguments

Plaintiff seeks to prohibit Defendants from urging the jury to act as the "collective conscience of the community," *Reed v. Philadelphia & New England R.R. Co.*, 939 F.2d 128, 133 (3d Cir. 1991), and other jury nullification" arguments, *Dunlap v. King*, 2009 WL 2151311 (M.D. Tenn. July 15, 2009), which are generally considered impermissible. *Id.* See also *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983)(refusing to permit defense counsel to argue jury nullification in his closing statement); *Byrd v. Collins*, 209 F.3d 486, 539 (6th Cir. 2000)(appeals to the jury to act which are calculated to incite passions and prejudices to  the jury to act as the conscience of the community are not per impermissible); *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1238-1239 (5th Cir. 1985)(noting that a ""community conscience" argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders."); *Kiwanis Club of Little Havana v. de Kalafe*, 723 So.2d 838 (Fla. 3d DCA 1998)(reversing from new trial due to plaintiff's counsel appealing to the jury's "community conscience" and "civic responsibility" during closing statement when counsel compared defendant's actions to "political methods in Cuba" and appealing to jury's political and social interests); *Airport Rent-A-Car v. Lewis*, 701 So.2d 893 (Fla. 4th DCA 1997)(noting that conscience of the community argument "extend to all impassioned and prejudicial pleas intended to evoke a sense of common law through common duty and expectation). Such evidence is not relevant and would be highly prejudicial. Fed. R. Evid. 402, 403, 411.

**k.**

**<u>Prohibiting Send a Message Arguments</u>**

Defendants should be prohibited from making any "send a message" arguments.  See e.g., *Carter v. District of Columbia*, 795 F.2d 116, 138–39 (D.C.Cir.1986);  *City of Orlando v. Pineiro*, 66 So.3d 1064, 1070-1071 (Fla. 5th DCA 2011)("send a message"arguments are improper since they "clearly suggests to the jury that a significant verdict will send a message to stop these experiences from happening and will make others less likely to act irresponsibly"), one which is directed to  the "conscience of the community"); *Erie Ins. Co. v. Bushy*, 394 So. 2d 228 (Fla. 5th DCA 1981)(a case without a punitive damages demand, plaintiff's counsel asked the jury to "send a message to Erie, Pennsylvania."); *Maercks v. Birchansky*, 549 So. 2d 199 (Fla. 3d DCA 1989)(reversing judgment for plaintiff, in part, because counsel asked the jury to be the "conscience of the community" and "send a message with its verdict.")

**l.**

**<u>Prohibiting References to Lack of Insurance</u>**

In Florida, it is well-settled that  introducing the subject of insurance at time of trial constitutes prejudicial error. *Nicaise v. Gagnon*, 593 So.2d 579 (Fla. 4th DCA 1992). See also *Gold, Vann & White, P.A. v. DeBerry*, 639 So.2d 47, 54 (Fla. 4th DCA 1994); *Seminole Shell Co. v. Clearwater Flying Co.*, 156 So.2d 543, 544-45 (Fla. 2d DCA 1963). While the normal concern regarding insurance relates to the jury becoming aware of its existence,[1] the present concern is the exact opposite –  revealing to the jury that there is "no insurance" makes a jury less, not more, likely

---

[1] A jury "might be influenced...to fix liability where none exists, or to arrive at an excessive amount through sympathy for the injured party." *Carls Markets, Inc., v. Meyer*, Fla., 69 So.2d 789, 793.

to award substantial damages against a defendant.  See *Leyva v. Samess*, 732 So.2d 1118, 1122 (Fla. 4ᵗʰ DCA1999). See also  *Lenz v. Southern Pacific Company*, 493 F.2d 471 (5th. Cir. 1974)(informing the jury  there is no insurance is to a defendant's advantage); *Davidson v. Eddings*, 262 So.2d 232 (Fla. 1ˢᵗ DCA 1972).  See also McCormick, Evidence (3d ed. 1984) § 201 (if the limits of insurance coverage are low, or if coverage is nonexistent, the mention of there being no insurance results in an award being  smaller than justified because the jury may limit the award to what it believes the defendant can personally afford regardless of the actual damages proved). This being so, the Officers lack of insurance should not be revealed to the jury. *Allstate Ins. Co. v. Wood*, 535 So.2d 699 (Fla. 1ˢᵗ  DCA 1988), citing *Beta Eta House Corp., Inc. of Tallahassee v. Gregory*, 237 So.2d 163 (Fla.1970).

### m.
### "Phasing" or "Bifurcating"  Compensatory and Punitive Damage Issues

Plaintiff seeks a *phasing* of the trial in this cause as to punitive damages  Plaintiff's Amended Complaint asserts claims for compensatory as well as for punitive damages.[2] In their Rule 26 disclosures, the Officers failed to provide any evidence of their financial condition in respect to the punitive damage claim.  Because it diverts the jury from making a fair assessment of Plaintiff's damages, Defendant's economic condition was irrelevant, highly prejudicial and a basis for reversal. *Padrino v. Resnick*, 615 So.2d 698, 698-99 (Fla. 3d DCA 1992); *Ballard v. Am. Land Cruisers, Inc.*,

---

[2] Punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983).  While entitlement to compensatory damages is automatic upon a finding that a plaintiff's rights have been violated, an award of punitive damages is discretionary, reflecting a "moral judgment." *Id.* at 52, 103 S.Ct. at 1638. The threshold of proof need not be different. *Id.* at 52-55, 103 S.Ct. at 1638-40.

537 So.2d 1018, 1020 n. 4 (Fla. 3d DCA 1988); *Sossa v. Newman*, 647 So.2d 1018, 1019-20 (Fla. 4th DCA 1994). Moreover, appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of plaintiff, or vice-versa, is totally improper and cause for reversal. *Draper v. Airco, Inc.*, 580 F.2d 91 (3d Cir.1978); *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir.1970).

However, While the Officers' financial condition is not relevant as to Plaintiff's claim for compensatory damages, it is in respect to punitive damages, *Wallace v. Poulos*, 861 F. Supp. 2d 587, 600 (D. Md. 2012)(defendant's ability to pay punitive damages in federal §1983 actions, such evidence is a "proper consideration in assessing punitive damages).

Fed.R.Civ.P. 42 affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. See Fed.R.Civ.P. 42(b). Bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue or where one party will be prejudiced by evidence presented against another party, see F.R.C.P. 42(b). It would also be reasonable in the interests of judicial economy and avoiding possible juror confusion. *Wilson v. Morgan*, 477 F.3d 326 (6th Cir. 2007)(bifurcating plaintiff's §1983 claims against officers in their individual capacity from municipal liability claims, since there could be no municipal liability if the officer were exonerated).

Whether to bifurcate Plaintiff's claim for punitive damages is within the discretion of the trial court. See, e.g., *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277 (2nd Cir. 1990). In making the decision, the court should consider whether separate trial or phasing would further judicial economy, avoid prejudice and confusion. *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005).

**n.**

**Prohibiting Use of Speaking Objections**

In that the use of "speaking objections" is improper and highly prejudicial, *Quinones v. State*, 766 So.2d 1165 (Fla. 3d DCA 2000), Plaintiff seeks an order in limine prohibiting same. *Wilson v. State*, 880 So.2d 1287, 1280 n.2 (Fla. 3d DCA)(noting that "[i]t is proper for the court to require counsel to state the legal grounds for the objection without making a 'speaking objection.'").

**o.**

**Limitations on Closing Argument**

*First*, during closing arguments, counsel should "confine comments to evidence in the record and to reasonable inferences from that evidence." *Gilster v. Primebank*, 747 F.3d 1007,1011 (8th Cir., 2014). See also *Edwards v. Sears & Roebuck, Co.*, 512 F.2d 276, 285-286 (5th Cir. 1975)(in closing argument counsel placed material facts in evidence which were not introduced); *Hall v. Freese*, 735 F.2d 956, 960–62 (5th Cir. 1984)(defense counsel's references in closing statements with respect to an alleged affair between plaintiff and a married man, and alleged illegal drug use by plaintiff, when there was no evidence in the record to support these statements, warranted a new trial); *City Provisioners, Inc. v. Anderson*, 578 So. 2d 855, 855-56 (Fla. 5th DCA 1991)(reversed in part because in closing in the personal injury case plaintiff's counsel referred to facts not in evidence regarding prescription costs).

*Second*, counsel should not give his  personal opinions regarding the justness of Plaintiff's cause of action. Rule 4-3.4(e) of the Rules Regulating the Florida Bar. Comments are "plainly calculated to arouse [the jury's] sympathy" are prohibited.  The personal opinions of counsel have no place in a trial. *United States v. Collins*,  78 F.3d 1021, 1039 (6th Cir.1996) See also *Bellsouth*

*Human Resources Admin., Inc. v. Colatarci*, 641 So.2d 427, 429 (Fla. 4th DCA 1994)(where defense counsel attacked trial lawyers generally and suggested frivolous lawsuits are a major ill in society); *Stokes v. Wet 'N Wild, Inc.*, 523 So. 2d 181 (Fla. 5th DCA 1988), defense counsel argued that the plaintiff's damages were "absolutely ridiculous"— in itself nonproblematic—but then stated: "This is why we're here. This is why our courtrooms are crowded and this is why we read articles in the paper, because of things like that.").

   *Third*, counsel should be prohibited from arguing, making any reference or implying that jurors have a financial stake in the outcome of the trial. See e.g., *FDIC v. Stahl*, 854 F. Supp. 1565 (S.D. Fla., 1994), citing *Allstate Ins. Co. v. James*, 845 F.2d 315 (11th Cir.1988)("That's why my insurance premiums are so high. Well, that somebody is you six people. And, ladies and gentlemen of the jury we're grown up enough to know...." was a blatant appeal to self-interest).

   *Fourth*, counsel should be prohibited from making unsubstantiated attacks on opposing counsel. See e.g, *United States v. Holmes*, 413 F.3d 770, 775 (8th Cir.2005)(prosecutor's statements "accusing defense counsel of conspiring with the defendant to fabricate testimony were highly improper because they improperly encourage the jury to focus on the conduct and role of [the defense] attorney rather than on the evidence of [the defendant's] guilt. Such personal, unsubstantiated attacks on the character and ethics of opposing counsel have no place in the trial of any criminal or civil case.") (emphasis added)); *Draper v. Airco, Inc.*, 580 F.2d 91, 97 (3d Cir. 1978)(where counsel expressed personal opinion and made "vituperative" and insulting references toward the opposing party and counsel); *Fineman v. Armstrong World Industries, Inc.*, 980 F.2d 171, 210 (3d Cir 1992)(new trial was granted where plaintiffs' counsel, among other  improper statements, made reference to "the nerve" of defense witnesses in perjuring themselves "with a

-14-

straight face in front of a federal judge and a federal jury"); *Johnnides v. Amoco Oil Co., Inc.*, 778 So. 2d 443 (Fla. 3d DCA 2001). See also *Owens-Corning Fiberglas Corp. v. Crane*, 683 So.2d 552, 554-55 (Fla. 3d DCA 1996)(reversal required by derogatory comments concerning opposing counsel; "it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury"); *Carnival Cruise Lines, Inc. v. Rosania*, 546 So.2d 736, 737 n. 1 (Fla. 3d DCA 1989) (new trial required because plaintiffs' counsel made disparaging remarks about the defendant); *Sun Supermarkets, Inc. v. Fields*, 568 So.2d 480 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla.1991)(where plaintiff's counsel stated that defendant's counsel had "lied to the jury and that he committed a fraud upon the court and jury," the court deemed the attorney's conduct in the case "devastated any chance the defendant might have had to secure a fair trial in front of a jury who had been told not to trust the defendant's counsel. These derogatory remarks about opposing counsel will not be condoned."). See also Fla. Bar Rule 4-3.4(e).

WHEREFORE, the Plaintiff respectfully moves for an Order preventing mention of the above mentioned concerns during the trial of this cause.

/s/ Michael Garcia Petit
MICHAEL GARCIA PETIT, ESQ.
Fla. Bar. No. 656216
LAW OFFICE OF
MICHAEL GARCIA PETIT, P.A.
Attorney for Plaintiff
2901 S.W. 149 Avenue #110
Miramar, Florida 33027
(954) 634-0446 Telephone
(954) 634-0448 Facsimile
Email: michael@michaelgarciapetitpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF on April 14, 2015.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Michael Garcia Petit

-16-

Eloy Valdes v. Miami-Dade County, Florida, et al.

Case No.: 12-22426-civ-MORENO-OTAZO-REYES

United States District Court, Southern District of Florida

**<u>List of Counsel</u>**

| | |
|---|---|
| Counsel for Plaintiff | Counsel for Defendants |
| Michael Garcia Petit, Esq. | Bernard Pastor, Esq. |
| LAW OFFICE OF | Assistant Miami-Dade County Attorney |
| MICHAEL GARCIA PETIT, P.A. | Email: pastor@miamidade.gov |
| 2901 S.W. 149 Avenue #110 | Ezra S. Greenberg, Esq. |
| Miramar, Florida 33027 | Assistant Miami-Dade County Attorney |
| (954) 634-0446 Telephone | Email: ezrag@miamidade.gov |
| (954) 634-0448 Facsimile | Stephen P. Clark Center |
| Email: michael@michaelgarciapetitpa.com | 111 N.W. 1st Street #2810 |
| | Miami, Florida 33128 |
| | (305) 375-5151 Telephone |
| | (305) 375-5643 Facsimile |