UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-22426-civ-MORENO

**ELOY VALDES**,

        Plaintiff,

vs.

**THOMAS MARTINEZ, individually,**
**ORLANDO SANCHEZ, individually,**
**WILLIAM LOPEZ, individually,**
**DANIEL PUERTO, individually, and**
**MIAMI-DADE COUNTY, FLORIDA**,

        Defendants.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO STRIKE OR EXCLUDE**
**DEFENDANT'S EXPERT WITNESS AND ALL EXPERT OPINIONS**

      COMES NOW, the Plaintiff, ELOY VALDES, (hereinafter referred to as the Plaintiff), pursuant to Fed.R.Civ.P. 26 and 37, Local Rule 16.1(K) and Order of Court dated December 4, 2014 [D.E. 55] files this his Motion in Limine to Exclude Defendant's Expert Witness, Dr. Jason M. Buchwald. In support thereof, Plaintiff would state as follows:

      1.    On December 4, 2014, this Court entered its Scheduling Order Setting Trial [DE 55] establishing a discovery cutoff date of *February 18, 2015*.

      2.    On *January 12, 2015*, Defendants provided Plaintiff their initial Rule 26 disclosures. A copy is attached as Exhibit "A." Dr. Jason M. Buchwald nor any other"expert" witness was listed. Defendants have never supplemented their Rule 26 disclosures.

      3.    On *March 16, 2015*, *26 days after close of discovery*, Defendants served Plaintiff with their Expert Witness Disclosure of Dr. Buchwald, along with his Declaration

and "C.V.", copies of which are attached hereto.

5. In ¶7 of his declaration, Dr. Buchwald gives a forensic opinion regarding to the source of bruises resulting from the February 21, 2008 incident depicted in post-arrest photographs taken of Plaintiff. In essence, the doctor is rendering an opinion as to how the bruising would have occurred or not occurred.

6. In ¶8 of his declaration, Dr. Buchwald states that Plaintiff's claims are "unfounded." This is an impermissible comment upon Plaintiff's credibility.

7. Not only was the expert witness and report disclosed after close of discovery, the report states irrelevant, speculative and conclusory opinions, impermissibly comments upon the credibility of Plaintiff, and the doctor is not qualified to opine on the matters set forth within the report.

## MEMORANDUM OF LAW

A court order establishing a discovery deadline constitutes "other directions from the court" which imposes a deadline for disclosure of expert report. Sherrod v. Lingle, 223 F.3d 605, 612-13 (7th Cir. 2000). Fed.R.Civ.P. 26(a)(2)(B). The rule provides that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ... be accompanied by a written report prepared and signed by the witness. The report shall contain a *complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions;* any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the

>preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

Under Fed.R.Civ.P. 37(c)(1), neither a motion in limine nor motion to compel is deemed a prerequisite to moving to exclude an expert witness for the failure to disclose expert opinions. This is because exclusion of expert testimony pursuant to the rule is *automatic and mandatory* unless, as is stated above, the nonmovant can show that the failure to disclose was substantially justified or that the failure is harmless. 1st Source Bank v. First Resource Fed. Credit Union, 167 F.R.D. 61, 66-67(N.D. Ind. 1996)(noting that "no mechanism exists for a disclosing party to test the sufficiency of its disclosure," prior to the opposing party filing of a motion in limine **or** objecting at trial). *See also* Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1362 (7th Cir. 1996)(citing Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); Thurston v. Borden Waste-Away Serv., 1998 U.S. Dist. LEXIS 12105, *4 (N.D. Ind.); Wright & Miller, *Federal Practice and Procedure*, § 2289.1. Plaintiff may either move to exclude expert testimony pursuant to the automatic exclusion provision of Rule 37 or via motion in limine. *See* Asia Strategic Inv. Alliances v. GE Capital Servs., 1997 U.S. Dist. LEXIS 3152, *5 (Kan. 1997)(lack of order providing for deadline for filing motions in limine does not bar motions to exclude). In order to avoid surprise at the time of trial, Plaintiff files this motion in limine well in advance or rather than waiting for the time of trial to move to prevent Defendants

from offering any expert opinions.

In order to comply with the expert reporting requirement, a party is required to "disclose the data and other information considered by the expert", Dunkin' Donuts Inc. v. Patel, 174 F. Supp. 2d 202, 211 (D. N.J. 2001), and "provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions... explain[ing] factually why and how the witness has reached them." Hilt v. SFC, Inc., 170 F.R.D. 182, 185 (D. Kan. 1997). The purpose for such disclosure is to avoid 'sketchy and vague' expert information. Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir. 1996). An expert report is not required just to avoid surprise but "is intended to set forth the substance of the direct examination of the expert witness" and avoid taking unnecessary depositions. Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996).

Pursuant to Fed.R.Civ.P. 37(c)(1) provides that if a party "fails to provide information or identify a witness as required in Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The final step in determining whether the automatic exclusion provisions of Rule 37(c)(1) apply is whether there was substantial justification for the failure to disclose or harmlessness to Plaintiff. Despite having each and every document relied upon by the witness since this case began years before, Defendants deliberately withheld disclosure of Dr. Buchwald until after the discovery cut-off expired. This renders the report untimely. *See*

Holmes v. Perker, 2012 WL 3562349, *1-2 (S.D. Ga. August 14, 2012)(citing OFS Fitel, LLC v. Epstien, Becker & Green, PC, 549 F.3d 1344)(11th Cir.)(granting exclusion after consideration of factors set forth in Fitel). See also The Lamar Company v. City of Marietta, Georgia, 538 F.Supp.2d 1366, 1377-1378 (N.D. Ga. 2008)(expert report served after close of discovery); Semi-Tech Litigation LLC v. Bankers Trust Co., 219 F.R.D. 324 (S.D.N.Y. Jan. 6, 2004) (finding that an expert report served on the last day of the discovery period was untimely); Auscape International v. National Geographic Society, No. 02-CV-6441 LAK, 2003 WL 2004463 (S.D.N.Y. April 28, 2003) (finding that an expert report served on the last day of the discovery period was untimely); Indura SA v. Engineered Controls International, Inc., 2011 WL 3862083, *16 (M.D.N.C. September 1, 2011)(prohibiting use of rebuttal expert report disclosed after discovery period expired).

In cases such this, where a party intentionally withholds expert witness disclosures and expert opinions which leaves a party guessing what the witness' testimony will be, courts have found the conduct to create profound prejudice, requiring exclusion of that evidence. Williams v. Roberts, 202 F.R.D. 294, 297 (M.D. Ala. 2001). *See also* Bowden v. Wal-Mart Stores, Inc., 2001 U.S. Dist. LEXIS 7213 (M.D. Ala.)(where plaintiff failed to designate doctor as an expert or provide Rule 26 disclosures, conduct was neither substantially justified nor harmless). Yet, "substantial justification" requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request and must have a reasonable basis in law and fact. "The test is satisfied if there exists a genuine dispute concerning compliance."Pierce v. Underwood, 487 U.S. 552, 565, 101 L. Ed. 2d 490, 108 S. Ct. 2541

(1988); Chapple v. Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997). If reasonable minds would not disagree that Defendants' experts (if any) are/were required to prepare a report or summary, the intentional or negligent failure to disclose the reports, summaries or opinions mandate exclusion of all expert opinions Defendant may seek to offer. Lintz v. American Gen. Fin., Inc., 1999 U.S. Dist. LEXIS 12572, *17 (D. Kan.). Defendants shall have the burden of establishing either substantial justification or that the failure to provide the information is harmless. Palmer v. Rhodes Mach., 187 F.R.D. 653, 657 (N.D. Okl. 1999); Chapple, 174 F.R.D. at 702, n. 3.  It has been said that:

> A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D. Kan 1995). Since their failure to supplement the interrogatories pursuant to Rule 26(e)(2) is not harmless, Defendants' failure to do so bars them under Rule 37(c)(1) from using any expert opinion evidence at trial. Fed.R.Civ.P. 37(c)(1); Portis v. City of Chicago, 2005 WL 991995, *9 (N.D.Ill.) (N.D.Ill. 2005).

This Court should strike the expert report.  This report offers bare conclusions, and most of the report centers on medical matters that will not even be in issue at trial. Moreover, the doctor is

not qualified to testify on certain matters contained in the report.  Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of opinion or otherwise." Fed. R. Evid. 702. Rule 702 "also requires that: (1) the testimony must be based upon sufficient facts or data; (2) it must be the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case." Happel v. Walmart Stores, Inc., 602 F.3d 820, 824 (7th Cir. 2010).

The Rule requires that the district court serve as a "gate-keeper" who determines whether "proffered expert testimony is reliable and relevant before accepting a witness as an expert." Winters v. Fru-Con Inc., 498 F.3d 734, 741-42 (7th Cir. 2007) (quoting Autotech Tech. Ltd. P'ship v. Automationdirect.com, 471 F.3d 745, 749 (7th Cir. 2006)). The trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)(*adopting* Daubert v Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) as the relevant standard for all expert testimony). Finally, "The proponent of the expert bears the burden of demonstrating that the expert"s testimony would satisfy the Daubert standard „by a preponderance of the evidence." " Makor Issues & Rights, Ltd. v. Tellabs, Inc., 02 C 4356, 2010 U.S. Dist. LEXIS 62114, at *12 (6/23/10) (St. Eve, J.); quoting Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 705 (7th Cir. 2009).

***Relevancy***.  Initially, this Court should determine whether Dr. Buchwald's opinions are relevant to the issues in this case. An expert"s testimony "must rest on a reliable foundation" and

be "*relevant to the task at hand*." " Makor, 2010 U.S. Dist. LEXIS 62114, at *10 (emphasis added); quoting Kumho, 526 U.S. at 141. "Daubert instructs that expert testimony *must be relevant and factually linked to the case* in order to meet Rule 702's "helpfulness" requirement." *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007); Daubert, 509 U.S. at 591 (emphasis added).

*Explanation/Bare Conclusions/Speculation*. Additionally, this Court must determine whether there is a medical basis for each opinion, and must ensure that each opinion is not conclusory or speculative. For expert testimony to be admissible, the opinion must not be based on "subjective belief or unsupported speculation." Daubert, 509 U.S. at 589-90; McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 657-58 (7th Cir. 1998) ("a "bare conclusion" offered without explanation or empirical support fails the reliability requirement of Rule 702). "An expert opinion must "set forth facts" and, in doing so, outline a reasoning arising from a logical foundation." Olmstead v. CU Interface, LLC, 606 F.3d 262, 271 (6th Cir. 2010). "In simple language, this means that the report must contain all the information relating to the "how" and "why" the expert reached the conclusions and the opinions contained within the report." The report consist of conjecture. An example – Plaintiff had no bruising to his face – when he testified that he was not struck in his face, only that the officers pushed his face against the elevator wall.

*Impermissible Commentary on Plaintiff's Credibility*. This Court should strike the opinions of Dr. Buchwald because they impermissibly comment on the credibility of the Plaintiff. For expert testimony to be admissible, not only must the opinion must not be based on "subjective belief or unsupported speculation," Daubert, 509 U.S. at 589-90, "*an expert cannot testify as to credibility issues*." Goodwin v. MTD Products, 232 F.3d 600, 609 (7th Cir. 2000). This has been the law in this

circuit for decades. Smith v. Universal Services, Inc., 454 F.2d 154 (5th. Cir. 1972)("The credibility of witnesses has historically been the sole function of the fact finder. An opinion concerning credibility by a so-called expert would be superfluous and inadmissible."). Dr. Buchwald's report violates both principles of expert-testimony law.

*Qualifications.* Finally, this Court must determine whether the particular expert is qualified to give the opinion. "[P]ossessing requisite credentials alone is not enough to render expert testimony admissible." Clark v. Takata Corp., 192 F.3d 750, 759 n.5 (7th Cir. 1999) ("A supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are reliable and relevant under the test set forth by the Supreme Court in Daubert."). Generalized knowledge within an area is not necessarily enough to qualify one as an expert on a particular matter because: "[A]n expert"s qualifications must be within the same technical area as the subject matter of the expert's testimony; in other words, a person with expertise may only testify as to matters within that person"s expertise. Generalized knowledge of a particular subject will not necessarily enable an expert to testify as to a specific subset of the general field of the expert's knowledge." *Id*. at 18-19; quoting Martinez v. Sakurai Graphic Sys. Corp., 2007 U.S. Dist. LEXIS 65132, 2007 WL 2570362, at * 2 (N.D. Ill. Aug. 30, 2007).

## CONCLUSION

**W**HEREFORE, Plaintiff respectfully requests this Honorable Court grant the Plaintiff"s motion in limine and strike the expert opinions and report of Dr. Buchwald, and further order that said witness not be allowed to testify at trial.

## CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

I, Michael Garcia Petit, Esq., Plaintiff's counsel, certify that I orally conferred with Defendants' counsel, Ezra Greenburg, Esq., on April 14, 2015 in a good faith effort to resolve by agreement the issues raised in this motion. The parties could not reach an agreement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF on April 14, 2015. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Michael Garcia Petit

Eloy Valdes v. Miami-Dade County, Florida, et al.
Case No.: 12-22426-civ-MORENO-OTAZO-REYES
United States District Court, Southern District of Florida

**List of Counsel**

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| Michael Garcia Petit, Esq. | Bernard Pastor, Esq. |
| LAW OFFICE OF | Assistant Miami-Dade County Attorney |
| MICHAEL GARCIA PETIT, P.A. | Email: pastor@miamidade.gov |
| 2901 S.W. 149 Avenue #110 | Ezra S. Greenberg, Esq. |
| Miramar, Florida 33027 | Assistant Miami-Dade County Attorney |
| (954) 634-0446 Telephone | Email: ezrag@miamidade.gov |
| (954) 634-0448 Facsimile | Stephen P. Clark Center |
| Email: michael@michaelgarciapetitpa.com | 111 N.W. 1st Street #2810 |
|  | Miami, Florida 33128 |
|  | (305) 375-5151 Telephone |
|  | (305) 375-5643 Facsimile |