UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22426-CIV-MORENO/O'SULLIVAN

ELOY VALDES,

      Plaintiff,

v.

MIAMI-DADE COUNTY, THOMAS
MARTINEZ, ORLANDO SANCHEZ,
WILLIAM LOPEZ and DANIEL PUERTO,

      Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113, 4/14/15). The defendants filed their response in opposition to the instant motion on May 1, 2015. See Defendants' Response in Opposition to Plaintiff's Motion to Strike or Exclude Defendant's Expert Witness (DE# 120, 5/1/15). The plaintiff filed his reply on May 11, 2015. See Plaintiff's Reply to Defendants' Response in Opposition to His Motion in Limine to Strike or Exclude Defendants' Expert Witness, Jason Buchwald, M.D., and Expert Opinions (DE# 123, 5/11/15). This matter is ripe for adjudication.

## ANALYSIS

The plaintiff seeks to strike the defendants' expert, Dr. Jason Buchwald, on the following grounds: (1) Dr. Buchwald and his report were untimely disclosed to the plaintiff after the close of discovery; (2) Dr. Buchwald's "report states irrelevant, speculative and conclusory opinions, impermissibly comments upon the credibility of

[the p]laintiff" and (3) Dr. Buchwald is unqualified to render the opinions set forth in his report. See Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 2, 4/14/15). The undersigned will address the second and third grounds first.

1.      **Daubert and Other Considerations**

District courts have broad discretion in deciding to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). "Federal Rule of Evidence 702, as explained by the Supreme Court in Daubert[ v. Merrell Dow Pharm., 509 U.S. 579 (1993)] . . . and its progeny, controls determinations regarding the admissibility of expert testimony." City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citation omitted). Under Daubert and Rule 702, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993) and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). In ruling on the admissibility of expert testimony under Rule 702, the Court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa, 158 F.3d at 562 (other citation omitted). "While there is inevitably some overlap among the basic

requirements – qualification, reliability, and helpfulness – they remain distinct concepts and the courts must take care not to conflate them." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (citing Quiet Technology, 326 F.3d at 1341). "The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion, whether the proponent is the plaintiff or defendant in a civil suit, or the government or the accused in a criminal case." Id.

The plaintiff argues that Dr. Buchwald's "report states irrelevant, speculative and conclusory opinions [and] impermissibly comments upon the credibility of [the p]laintiff." Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 2, 4/14/15).

a. **Relevancy**

In his motion, the plaintiff states, "[i]nitially, this Court should determine whether Dr. Buchwald's opinions are relevant to the issues in this case," but provides the Court with no analysis on relevancy as it pertains to Dr. Buchwald's opinions. See Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 7, 4/14/15). While the Court serves as a gatekeeper to the admission of scientific evidence under Daubert, it is not the Court's function to make legal arguments for the parties or find support in the record for a party's position. See Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2014 WL 835785, at *1 (S.D. Fla. Mar. 4, 2014) (stating that "it is not a court's role to hunt through the record to uncover evidence that supports one party or the other."); Delta Sigma Theta Sorority, Inc. v. Bivins, No. 2:14-CV-147-FTM-38, 2014 WL 7273913, at *4 (M.D. Fla. Dec. 19, 2014) (stating that "[t]he Court is not obligated to ferret through Plaintiff's other filings in order

3

to decipher the arguments Plaintiff wants it to consider on a particular point."). The plaintiff's relevancy argument was not properly presented to this Court.

Additionally, the plaintiff's relevancy argument is unfounded. "The party offering the expert testimony has the burden of demonstrating that the testimony is relevant to the task at hand and logically advances a material aspect of its case." Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp., 582 F.3d 1227, 1232 (11th Cir. 2009) (citation and internal quotation marks omitted). "The basic standard of relevance . . . is a liberal one . . ., but if an expert opinion does not have a valid scientific connection to the pertinent inquiry it should be excluded because there is no fit." Id. (citation and internal quotations omitted). In the instant case, the plaintiff claims that he was beaten by police officers on February 21, 2008. Dr. Buchwald has reviewed photographs of the plaintiff's injuries and has rendered opinions on the age of those injuries and how the injuries may or may not have occurred. The plaintiff has not shown how Dr. Buchwald's opinions are irrelevant to the instant case.

    **b.**    **Speculative and Conclusory Opinions**

The plaintiff also argues that Dr. Buchwald's opinions are speculative and conclusory. The plaintiff's argument is contained in two sentences: "The report consist[s] of conjecture. An example – Plaintiff had no bruising to his face – when he testified that he was not struck in his face, only that the officers pushed his face against the elevator wall." Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 8, 4/14/15). At best, the plaintiff has pointed to a mistake in Dr. Buchwald's analysis. This Court has stated that "alleged flaws in [an expert]'s analysis go to the accuracy of his conclusions, and less to the

4

general scientific validity of his methods. That is what cross-examination will highlight at trial, but not enough to exclude the expert's analysis altogether." Catalina Rental Apartments, Inc. v. Pac. Ins. Co., No. 06-20532 CIV, 2007 WL 1970808, at *5 (S.D. Fla. July 3, 2007). The plaintiff has not pointed to any other examples and it is not the Court's job to ferret them out.

### c. Credibility

The plaintiff also argues Dr. Buchwald should be stricken because he improperly comments on the veracity of the plaintiff's testimony:

> 5. In ¶7 of his declaration, Dr. Buchwald gives a forensic opinion regarding to [sic] the source of bruises resulting from the February 21, 2008 incident depicted in post-arrest photographs taken of Plaintiff. In essence, the doctor is rendering an opinion as to how the bruising would have occurred or not occurred.
>
> 6. In ¶8 of his declaration, Dr. Buchwald states that Plaintiff's claims are "unfounded." This is an impermissible comment upon Plaintiff's credibility.

Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 2, 4/14/15). In the argument portion of his motion, the plaintiff states: "[t]his Court should strike the opinions of Dr. Buchwald because they impermissibly comment on the credibility of the Plaintiff. . . . This has been the law in this circuit for decades. . . . Dr. Buchwald's report violates both principles of expert-testimony law." Id. at 8-9.

The plaintiff's arguments are threadbare. While Dr. Buchwald may not invade the province of the jury and opine that the plaintiff is lying, he can certainly testify that the injuries depicted in the photographs of the plaintiff are inconsistent with the physical blows described by the plaintiff based on Dr. Buchwald's medical training and

5

experience as an emergency room physician.

**2.   Qualifications**

In his motion, the plaintiff argues that Dr. Buchwald "is not qualified to opine on the matters set forth within the report," and provides no further elaboration. See Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113 at 2, 4/14/15). In the section titled "Qualifications," the plaintiff's argument is contained in one paragraph and consists entirely of general legal propositions, but no analysis that would be helpful to this Court:

> Finally, this Court must determine whether the particular expert is qualified to give the opinion. "[P]ossessing requisite credentials alone is not enough to render expert testimony admissible." Clark v. Takata Corp., 192 F.3d 750, 759 n.5 (7th Cir. 1999) ("A supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are reliable and relevant under the test set forth by the Supreme Court in Daubert."). Generalized knowledge within an area is not necessarily enough to qualify one as an expert on a particular matter because: "[A]n expert's qualifications must be within the same technical area as the subject matter of the expert's testimony; in other words, a person with expertise may only testify as to matters within that person's expertise. Generalized knowledge of a particular subject will not necessarily enable an expert to testify as to a specific subset of the general field of the expert's knowledge." Id. at 18-19; quoting Martinez v. Sakurai Graphic Sys. Corp., 2007 U.S. Dist. LEXIS 65132, 2007 WL 2570362, at * 2 (N.D. Ill. Aug. 30, 2007).

Id. at 9. In his reply, the plaintiff notes that:

> [Dr. Buchwald] is an "emergency room physician" without disclosed training or experience in forensic science. Dispute [sic] his lack of training and experience in forensics, the Officers present Dr. Buchwald as an expert in that field, offering his opinions regarding bruises, to present the "science of age dating" of bruises [DE 120:3], the "causes of injuries sustained during physical assaults" and the source of bruising or lack thereof in this case. [DE 120:2]. Recognizing the deficiencies and in an attempt to rectify same, in their response the Officers now attach another "declaration" from Dr. Buchwald. In this one, the Officers claim the expert now "specifically outline[s] his qualifications as they pertain to the opinions

> that he has offered in this case, including the science of age dating of bruises." [ECF 120:16]. This attempt to salvage the out of time expert disclosure is itself out of time and obviously injects a new theory – the "science of age dating of bruises."

Plaintiff's Reply to Defendants' Response in Opposition to His Motion in Limine to Strike or Exclude Defendants' Expert Witness, Jason Buchwald, M.D., and Expert Opinions (DE# 123 at 3, 5/11/15).

The "science of age dating bruises" is not a new opinion offered by Dr. Buchwald. In the initial disclosure, Dr. Buchwald offered several opinions about the likely "age" of the plaintiff's injuries noting for example that in one of the plaintiff's injuries "scab formation ha[d] already occurred with the wound entirely covered by scab which usually begins forming only after 3 days (this wound [wa]s approximately less than 48 hours old)." Declaration of Jason Buchwald, M.D. (DE# 120-1 at ¶7(f.), 5/1/15). With respect to the injury on the plaintiff's right shoulder, Dr. Buchwald notes that the "bruise color is in the yellow-green color spectrum, which places the aging of this wound in the 5-10 day range but closer to the 7-10 day range" and that "[t]he **science of age dating of bruising** is well known and occurs in a systematic method as a result of the timing related to the breakdown of blood products and the associated color changes. One would expect to see only a blue/purple color if this wound was 3 days old. " Id. at ¶7(h.) (emphasis added).

Dr. Buchwald is "a licensed medical doctor with board certification in Emergency Medicine." Declaration of Jason M. Buchwald, M.D. (DE# 120-2, 5/1/15). He "regularly examine[s] adult victims of assault and domestic violence" and over the past 11 years he has "examined more than 1,000 victims of alleged physical assaults." Dr. Buchwald

is qualified to the render opinions concerning the injuries sustained by the plaintiff in this case.

**3.     Timeliness**

The parties dispute whether the disclosure of Dr. Buchwald was timely. The Scheduling Order Setting Trial (DE# 55, 12/5/14) did not include an expert disclosure deadline. The plaintiff argues that the disclosure of Dr. Buchwald 26 days after the discovery deadline was untimely. The defendants rely on the 90-day default rule in Fed. R. Civ. P. 26(a)(2)(D)(i) and argue that where the scheduling order does not provide an expert disclosure deadline, the 90-day default rule applies. In his reply, the plaintiff cites to Cruz v. United States, No. 12-21518-CIV, 2013 WL 246763, at *4-6 (S.D. Fla. Jan. 22, 2013) (Moreno, J.) to support his argument that the disclosure of Dr. Buchwald was untimely. In that case, Judge Moreno ruled that expert disclosures made after the discovery deadline were untimely. However, in Cruz, the party proffering the expert made no argument that the 90-day default rule applied. In fact, there is no indication in the order that the parties even contested the untimeliness of the expert disclosure.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.  37(c)(1).  "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was **either** justified or harmless.'" Dyett v. N. Broward Hosp. Dist., No. 03-60804-CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004) (quoting Salgado v. Gen. Motors Corp., 105 F.3d 735, 742 (7th Cir. 1998) (emphasis added).

Assuming, arguendo, that the disclosure of Dr. Buchwald was late, the defendants have shown substantial justification based on their reliance on the 90-day default rule. "Substantial justification in this instance is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply.'" Cruz, 2013 WL 246763, at *2 (citing McGarity v. FM Carriers, Inc., No. CV410-130, 2012 U.S. Dist. LEXIS 41356, at *26, 2012 WL 1028593 (S.D. Ga. Mar. 26, 2012) (quoting Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010))).

The defendants argue that they were "substantially justified in relying on the 90-day default rule with respect to the timing of expert disclosures," because in both Sch. Bd. of Collier Cnty., Fla. v. K.C., 285 F.3d 977 (11th Cir. 2002) and Bodden v. Cole, No. 3:11-CV-127-J-20MCR, 2012 WL 33051, at *1 (M.D. Fla. Jan. 6, 2012), the district court had set a discovery cut-off date and "neither the Eleventh Circuit nor the Middle District construed [the discovery cut-off date] as to provide for the timing and sequence of expert disclosures, thereby overriding the 90-day default rule." Defendants' Response in Opposition to Plaintiff's Motion to Strike or Exclude Defendant's Expert Witness (DE# 120 at 9, 5/1/15). In Bodden, the plaintiff served her expert disclosures on the day of the discovery deadline. The district court, relying on the 90-day default rule, determined that the disclosures were timely and additionally found that even if the disclosures were untimely, the disclosures were substantially justified based on the plaintiff's reliance on Rule 26 and also harmless because the Court would reopen discovery to allow expert discovery. Bodden, 2012 WL 33051, at *2.

In K.C., a student argued that the district court erred when it allowed the School

9

Board to supplement the record with an affidavit and testimony from its expert, Dr. Rostetter. K.C., 285 F.3d at 981. The student argued that the school board failed to comply with the requirements of Rule 26. In response, the Eleventh Circuit stated:

> The [School] Board correctly notes the district court never set an expert witness disclosure deadline other than the Rule 26 requirement that expert witnesses must be disclosed at least ninety days prior to trial. See Fed. R. Civ. P. 26(a)(2). Since the [School] Board disclosed its desire and intent to use Dr. Rostetter as an expert witness over a year prior to trial, it cannot be said to have violated Rule 26.

Id.

Although in Cruz, this Court agreed with the movant that the plaintiff's disclosure of it experts was not substantially justified, Cruz, 2013 WL 246763, at *1, there is no indication that the plaintiff in that case relied on the 90-day default rule or on case law as the defendants have done here.

The undersigned disagrees with the defendants that the disclosure of their expert after the discovery period was harmless. "[A] failure to disclose is harmless when 'there is no prejudice to the opposing party.'" Cruz, 2013 WL 246763, at *2 (quoting In re Terazosin Hydrochloride Antitrust Litig., No. 99-MDL-1317-(ALL CASES) SEITZ/KLEIN, 2005 U.S. Dist. LEXIS 45881, at *8, 2005 WL 5955705 (S.D. Fla. Feb. 1, 2005)). The defendants argue that the plaintiff has failed to show prejudice because they "provided [the p]laintiff with a detailed report containing the substance and reasoning of Dr. Buchwald's opinions." Defendants' Response in Opposition to Plaintiff's Motion to Strike or Exclude Defendant's Expert Witness (DE# 120 at 11, 5/1/15). However, the defendants overlook the fact that the discovery period expired 26 days **before** they filed their expert disclosures and this Court had already expressed an

10

unwillingness to extend any of the pretrial deadlines, including the discovery period. See Order Denying Plaintiff's Unopposed Motion to Enlarge Pretrial Deadlines and Continue Trial Period (DE# 69, 2/4/15). Thus, the plaintiff had *no* opportunity to conduct expert discovery. In Cruz, this Court found that the late disclosure was harmful even though the nondisclosing party was "willing to allow [the opposing party] to depose [its expert]" because "that does not change the fact that the discovery deadline ha[d] passed." Cruz, 2013 WL 246763, at *3.

However, because exclusion under Rule 37(c)(1) is automatic and mandatory unless the sanctioned party can show substantial justification *or* harmlessness, Cruz, 2013 WL 246763, at *2 (stating that "the party who has failed to comply with Rule 26(a) has the burden of establishing that its nondisclosure was either substantially justified or harmless.") (citation and internal quotation marks omitted), and the defendants here have shown substantial justification, Dr. Buchwald should not be excluded as an expert on this ground.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion in Limine to Strike or Exclude Defendant's Expert Witness and All Expert Opinions (DE# 113, 4/14/15) is **DENIED**.

DONE AND ORDERED in Chambers, in Miami, Florida, this **6th** day of November, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record