UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22426-CIV-MORENO

ELOY VALDES,

        Plaintiff,

vs.

MIAMI-DADE COUNTY, THOMAS
MARTINEZ, ORLANDO SANCHEZ,
WILLIAM LOPEZ, and DANIEL PUERTO,

        Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff's case stems from two incidents with Miami-Dade County police – Plaintiff's second altercation with police is at issue in the parties' objections to the Magistrate Judge's Report and Recommendation. The second incident took place on Thanksgiving Day 2008 at a Sedano's Supermarket in Miami, Florida. While shopping with his father and 6-year old daughter, Plaintiff ran into Sergeant Thomas Martinez, whom Plaintiff alleges beat him earlier that year at the Hammocks District Police Station. Upon recognizing each other at the Sedano's, it is unclear what happened between them. It is undisputed that Sergeant Martinez, who was off-duty, contacted Officer Puerto. When Officer Puerto arrived at the scene, he discovered Plaintiff had a bulge under his shirt and was carrying a concealed weapon. He arrested the Plaintiff for carrying a concealed weapon and based on information from Sergeant Martinez that prior to his arrival Plaintiff had assaulted Sergeant Martinez.

Magistrate Judge O'Sullivan reviewed the qualified immunity issues at issue in this case in his 90-page Report and Recommendation. He recommended granting Officer Puerto qualified immunity for arresting Plaintiff on Thanksgiving Day 2008. He found Officer Puerto had arguable probable cause to arrest Plaintiff for assault on Sergeant Martinez and for carrying a concealed weapon. This

Court agrees with that finding. As to Sergeant Martinez, Magistrate Judge O'Sullivan recommended the Court deny qualified immunity because when taken in the light most favorable to Plaintiff, the facts reflect that Sergeant Martinez fabricated evidence of an assault, which is a constitutional violation. The Court agrees with that recommendation and denies Sergeant Martinez qualified immunity.

Plaintiff's complaint states concert of action and malicious prosecution claims. There being no record evidence of collusion among Officer Puerto and Sergeant Martinez, Magistrate Judge O'Sullivan recommended and this Court agrees it is proper to grant qualified immunity to both officers on that claim. Magistrate Judge O'Sullivan found Officer Puerto had qualified immunity on the malicious prosecution claim, but that Sergeant Martinez was not entitled to qualified immunity because the prosecutor relied on his fabricated evidence in prosecuting Plaintiff. The Court agrees that Officer Puerto is entitled to qualified immunity, but disagrees on the finding as to Sergeant Martinez as there were sufficient intervening factors that the Court cannot find that Sergeant Martinez's fabricated story, if true, was the basis of the prosecution.

THE MATTER was referred to the Honorable John O'Sullivan, United States Magistrate Judge for a Report and Recommendation on Defendants Thomas Martinez, Daniel Puerto and Miami-Dade County's Motion for Partial Summary Judgment **(D.E. No. 81)** filed on **March 4, 2015** and Plaintiff's Motion for Summary Judgment **(D.E. No. 83)** filed on **March 4, 2015**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 129)** filed on **November 5, 2015**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge John O'Sullivan's Report and Recommendation is **AFFIRMED** in part and the parties' cross motions for summary judgment are GRANTED in part and DENIED in part as set forth in this Order.

# I. BACKGROUND

## *Procedural Posture*

Plaintiff Eloy Valdes filed this case against Sergeant Thomas Martinez, Officer Orlando Sanchez, Officer William Lopez, and Miami-Dade County. He amended his complaint to add Officer Daniel Puerto to this action. The Amended Complaint asserts the following causes of action:

- Battery (counts 1-3) against Sergeant Martinez, Officer Sanchez and Officer Lopez.
- Concert of Action for Battery and § 1983 claims (Counts 4-7) for excessive force against Sergeant Martinez, Officer Sanchez and Officer Lopez
- False Arrest (Counts 8-9) against Sergeant Martinez and Officer Puerto
- Malicious Prosecution (Counts 10-11) against Sergeant Martinez and Officer Puerto
- Concert of Action for False Arrest and Malicious Prosecution (Count 12) against Sergeant Martinez and Officer Puerto
- § 1983 claims for False Arrest and Malicious Prosecution (Counts 13-16) against Officer Puerto and Sergeant Martinez
- False Arrest (Count 17) against Miami-Dade County

Sergeant Martinez, Officer Puerto and Miami-Dade County have moved for partial summary on Counts 8-14 and 17 of the Amended Complaint. The Plaintiff filed a cross motion for summary judgment on the following issues: (1) Sergeant Martinez, Officer Sanchez, and Officer Lopez are not entitled to qualified immunity as to the February 21, 2008 incident, (2) no arguable probable cause existed to arrest Plaintiff on Thanksgiving Day 2008, and (3) the Plaintiff has complied with the notice and service provisions of § 768.28 of the Florida Statutes (this last ground is uncontested).

## *Factual Summary*

### The February 21, 2008 Incident

On February 21, 2008, Plaintiff was arrested at a gas station by Officers Polack and Julian Chica for resisting without violence. Plaintiff was transported to the Hammocks District Police Station. Plaintiff was not injured in the arrest or while he was driven to the police station.

Upon arriving at the police station, the Plaintiff walked toward the station loudly stating profanities in the presence of several officers. After the Plaintiff made these statements, Sergeant Martinez, Officer Lopez, and Officer Sanchez grabbed Plaintiff and rushed him into an elevator.

According to the Plaintiff, Sergeant Martinez smashed his head and face against the elevator wall. When he exited the elevator, the officers took Plaintiff to an interview room, jumped the Plaintiff and knocked him to the floor where they proceeded to kick him several times. Plaintiff did not fight back. Plaintiff eventually filed a complaint against all three officers with Internal Affairs, which ultimately did not sustain Plaintiff's allegations.

### Thanksgiving Day 2008 Incident

On November 27, 2008, Thanksgiving Day, the Plaintiff was at a Sedano's Supermarket with his six-year old daughter and father. Sergeant Martinez was in line ahead of the Plaintiff. He was in plain clothes and off-duty. At no time did Plaintiff raise his voice or threaten Sergeant Martinez. Sergeant Martinez told Plaintiff that if he had a problem to go outside to resolve it. The Plaintiff states that he told Sergeant Martinez he did not want trouble as he was with his daughter. No one in the Sedano's store gathered to observe the discussion between Sergeant Martinez and Plaintiff. The Plaintiff's father also told Sergeant Martinez that they did not want trouble and that if he kept harassing the Plaintiff, he would call the police. Sergeant Martinez left the store.

Upon exiting the store, Sergeant Martinez "flagged down Officer Puerto." Officer Puerto was off-duty and had driven Sergeant Martinez to the Sedano's Supermarket that day. Sergeant Martinez told Officer Puerto that he was just threatened by someone who appeared to have a firearm inside the store. Officer Puerto then accompanied Sergeant Martinez into the store and Sergeant Martinez identified the Plaintiff. In the officers' presence, Plaintiff's father called 911. The 911 call was recorded and in the background Sergeant Martinez could be heard telling Plaintiff's father not to start anything and using profanity and telling the Plaintiff he should have kept his mouth shut. Plaintiff believed that Sergeant Martinez was referencing the Internal Affairs investigation. Officer Puerto then

4

asked the Plaintiff if he had a problem and Plaintiff paid for his groceries and said he had no problem and to have a nice Thanksgiving. Officer Puerto asked the Plaintiff to go outside and Plaintiff complied.

As they were exiting the store, Officer Puerto noticed that Plaintiff had a bulky object underneath his shirt, consistent with the outline of a firearm. The Officers gave the Plaintiff directions to put his hands on the wall and behind his back. Plaintiff stepped back and he was handcuffed expeditiously by the officers. After the Plaintiff was handcuffed, Officer Puerto found the firearm on the Plaintiff's person. Plaintiff and his father told Officer Puerto that Plaintiff had a concealed firearm permit, but that he did not have it with him. Both the Plaintiff and his father were carrying concealed firearms and both had licenses issued by the Florida Department of Agriculture. Plaintiff told Officer Puerto to look at the surveillance video.

After securing the Plaintiff in custody, Officer Puerto reentered the store and spoke to the cashier, who told him that she did not speak English, but that the two men had a verbal altercation. Officer Puerto also dispatched Officer Chica to review the video surveillance, who said the videos were of no evidentiary value.

At some point during the 4.5 hour investigation, Officer Puerto confirmed that Plaintiff had a valid permit. It is unclear when Officer Puerto determined Plaintiff had a valid permit, but it was at some point after arrest was processed. It is a noncriminal infraction to fail to present a permit for carrying a concealed weapon. § 790.06(1), Fla. Stat. (imposing a $25 noncriminal infraction for not carrying permit when carrying a concealed weapon).

## II. LEGAL STANDARD

In conducting *de novo* review of the Magistrate Judge's Report and Recommendation, the Court is required to resolve all issues of material fact in favor of the plaintiff when deciding the officers' entitlement to qualified immunity. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002) (citing *Sheth v. Webster*, 145 F.3d 1231, 1236 (11th Cir. 1998)). The Court "then answer[s] the legal

question of whether the defendant[] [is] entitled to qualified immunity under that version of the facts." *Id.* (quoting *Thornton v. City of Macon*, 132 F.3d 1395, 1397 (11th Cir. 1998)). At summary judgment, the Court must analyze the facts in the light most favorable to the plaintiff. *Id.* (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002)).

### III. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff's complaint stems from two incidents with police – the first transpired on February 21, 2008, where Plaintiff alleges he was arrested and beaten, and the second is a Thanksgiving Day arrest on November 27, 2008. Magistrate Judge O'Sullivan's Report and Recommendation addresses the parties' cross-motions for summary judgment and he recommends granting and denying parts of the motions as set forth below. The Court reviews *de novo* the objections raised to the Report and Recommendation.

*A. Qualified Immunity as to the February 2008 Incident*

The Plaintiff seeks summary judgment on three grounds. First, the Plaintiff seeks a finding that Officers Martinez, Sanchez, and Lopez are not entitled to qualified immunity as to the February 21, 2008 incident, where the Plaintiff contends the officers assaulted him while he was in custody. Judge O'Sullivan recommends denying qualified immunity to the officers for the February 21, 2008 incident and recommends granting in part Plaintiff's motion for summary judgment on this issue. The Defendants have not filed an objection to this finding and the case is ready for trial as to the claims stemming from the February 21, 2008. This Court agrees and finds that a denial of qualified immunity is appropriate as to the officers' conduct on February 21, 2008.

*B. Qualified Immunity for Officer Puerto as to the Thanksgiving Day Incident*

Plaintiff also moves for summary judgment requesting the Court deny Officer Puerto qualified immunity for arresting Plaintiff on Thanksgiving Day. Plaintiff's position is that Officer

6

Puerto lacked arguable probable cause to arrest Plaintiff on Thanksgiving Day. Judge O'Sullivan recommends denying the Plaintiff's motion for summary judgment on this point and recommends this Court find Officer Puerto had arguable probable cause to arrest Plaintiff for carrying a concealed weapon and for assaulting Sergeant Martinez.

Officer Puerto testified that he observed Plaintiff carrying a concealed revolver under his shirt and Plaintiff was not carrying his permit. It is unclear when Officer Puerto confirmed that Plaintiff indeed had a permit, but the record evidence demonstrates that Officer Puerto only confirmed the existence of the permit during the course of his four-hour long investigation once the Plaintiff was already in custody. Secondly, Officer Puerto testified that he relied on the statements of his fellow officer Sergeant Martinez, who claimed Plaintiff had assaulted him. Sergeant Martinez's statements also provided Officer Puerto with probable cause for the Plaintiff's arrest. Plaintiff has not provided any evidence to show Officer Puerto had confirmed Plaintiff had a valid permit, prior to arresting him. It is undisputed that at the time of his arrest on Thanksgiving Day, the Plaintiff did not have in his possession his permit to carry a concealed weapon. Accordingly, Judge O'Sullivan recommends granting Officer Puerto's motion for summary judgment and finds Officer Puerto has qualified immunity as to the false arrest claims stemming from the Thanksgiving Day claims. In a hearing in Open Court, this Court agreed that both grounds provided Officer Puerto with qualified immunity.

C. *Qualified Immunity for Sergeant Martinez relating to the Thanksgiving Day Arrest*

With respect to Sergeant Martinez, Judge O'Sullivan does not recommend finding he was entitled to qualified immunity for the Thanksgiving Day incident. Under the Plaintiff's version of the facts, Sergeant Martinez fabricated evidence and lied to Officer Puerto to secure Plaintiff's arrest on Thanksgiving Day. Fabricating evidence to secure an arrest is a constitutional violation. *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) ("falsifying facts to establish

7

probable cause is patently unconstitutional."). Accordingly, Judge O'Sullivan recommends denying Sergeant Martinez's motion for summary judgment on the federal and state false arrest claims. Defendant Sergeant Martinez objects to Magistrate Judge O'Sullivan's finding that he is not entitled to qualified immunity.

In objecting to the recommendation, Sergeant Martinez cites the premise that a plaintiff may not sustain a false arrest claim if probable cause existed to arrest him for any offense, in this case the separate offense of carrying a concealed firearm. It is Sergeant Martinez's position that the allegedly false information he gave Officer Puerto was not necessary to substantiate the probable cause for carrying a concealed weapon, and therefore, the Court must also find that Sergeant Martinez has qualified immunity for the false arrest claims.

In so arguing, Defendant Sergeant Martinez relies on *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002) to state that if there was probable cause to arrest Plaintiff for carrying a concealed weapon, the Magistrate Judge erred in denying qualified immunity and summary judgment to Sergeant Martinez on the false arrest claims. In *Lee*, a police officer charged the plaintiff with "battery on a police officer, failure to have a valid driver's license, resisting arrest with violence, and failure to obey a police officer." *Id.*, 284 F.3d at 1192. The officer also issued a traffic citation for improper use of her car horn. According to the plaintiff, the officer pulled her over after she honked her horn, and then shouted racial epithets at her, pulled her out of the car, and after she was handcuffed slammed her head on the car. *Id.* at 1191. The Eleventh Circuit found the arresting officer had qualified immunity because it was undisputed that probable cause existed to believe that Plaintiff violated Miami-Dade County's horn ordinance, notwithstanding the factual disputes surrounding the other bases for the arrest. *Id.* at 1194-95. Here, the Defendant Sergeant Martinez argues that Plaintiff's claim for false arrest is defeated because probable cause existed to

8

arrest him for carrying a concealed weapon, notwithstanding the factual disputes surrounding the purported assault.

The Magistrate Judge did not agree with that argument and rather, relied on *Williams v. Miami-Dade Police Dep't.*, 297 F. App'x 941, 946 (11th Cir. 2008) and *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) for the proposition that falsifying probable cause is unconstitutional. Defendant Sergeant Martinez distinguishes *Williams* and *Kingsland*, because in those cases the sole basis for the probable cause determination was the officers' fabricated evidence. Put another way, there were no additional grounds for the Plaintiffs' arrest aside from the charge premised on the fabricated evidence.

This Court does not disagree with Sergeant Martinez's reading of *Williams* and *Kingsland*, but does find the dicta in those cases instructive that an officer cannot obtain qualified immunity when he has falsified probable cause. In analyzing this issue, the Court finds the case of *Mead v. McKeithen*, 571 F. App'x 788 (11th Cir. 2014) the most analogous in this context. In *Mead*, the plaintiff, Brian Mead, pulled into his driveway and was immediately accosted by an off-duty police officer, Doug Pierce. Prior to Mead's arrival, his two pitbull dogs had killed the neighbors' terrier. The neighbors (one of whom was another off-duty officer) shot the pitbulls dead. When Mead arrived and stepped out of his truck, Pierce immediately approached him and despite Mead's request, Pierce did not produce police identification. Pierce forcibly grabbed Mead. Mead ran to the other side of the truck, but Pierce struck Mead in the back of the head knocking him to the ground. Pierce retreated to the street to wait for uniformed officers and upon their arrival, he informed them that Mead had assaulted him. The issue on appeal was whether Pierce "had probable cause or arguable probable cause to arrest Mead for 'some offense' even if it was not the offense for which Mead was actually arrested." *Id.* The Eleventh Circuit found that Officer

Pierce was not entitled to qualified immunity and agreed with the district court's analysis that even if probable cause existed for Pierce to cause Mead to be arrested for some offense, even if not for the offense actually charged, Pierce was not entitled to qualified immunity. The Eleventh Circuit cited with approval the district court's analysis that to accept the position that even if there were grounds to arrest for another charge, it did not excuse Pierce's fabrication of evidence used to secure the arrest. The district court stated: "To accept Pierce's position would mean that an officer could deliberately falsify a probable cause affidavit because of a personal grudge and secure an arrest for the vilest of offenses such as capital sexual battery and avoid liability if it turns out, in hindsight, an argument could be made to support an arrest for an offense as simple as trespass." *Mead v. McKeithen*, Case No. 5:12-CV-325-MW/EMT (N.D. Fla. Jan. 24, 2014).

Mindful of the principles set forth in *Lee*, *Mead*, *Williams*, and *Kingsland*, the Court affirms the Magistrate Judge's finding that Sergeant Martinez is not entitled to qualified immunity because the Plaintiff has supplied record evidence that Sergeant Martinez fabricated evidence that led Officer Puerto to arrest him. *Lee* is distinguishable from this case in that the officer in that case pulled over the Plaintiff for honking her horn in violation of a statute and after an ensuing discussion and altercation, he arrested her for battery on a police officer, failure to have a valid driver's license, resisting arrest with violence, and failure to obey a police officer. There was no evidence in *Lee* of a prior altercation or grudge that would lead this officer to fabricate evidence. The events leading to Lee's arrest began when she honked her horn in violation of the County's ordinance. This case is more like *Mead*, where the events leading to the arrest began because Officer Pierce was allegedly protecting his fellow officer, who had shot *Mead's* pitbulls dead. In this case, the events leading to the Plaintiff's arrest began because Sergeant Martinez allegedly had a grudge against Plaintiff due to the Internal Affairs investigation the Plaintiff had filed against him. Sergeant Martinez then allegedly falsified an assault as an act of vegeance.

In light of the prior incident between the Plaintiff and Sergeant Martinez, and the ensuing Internal Affairs investigation, there is evidence in this case from which a jury could reasonably infer that Sergeant Martinez falsified information to ensure Plaintiff's arrest and to obtain revenge for Plaintiff's filing a complaint with Internal Affairs. To accept Sergeant Martinez's position would mean that an officer could deliberately falsify information because of a personal grudge and secure an arrest and avoid liability if it turns out, in hindsight, an argument could be made to support an arrest for another offense, such as carrying a concealed weapon. *Kingsland* and *Williams* likewise guide this Court to this conclusion. "The principles behind qualified immunity would be rendered meaningless if such immunity could be invoked to shelter officers who, because of their own interests, allegedly flout the law, abuse their authority, and deliberately imperil those they are employed to serve and protect." *Kingsland*, 382 F.3d at 1234; *Williams*, 297 F. App'x at 946. The Court, therefore, finds it appropriate to deny qualified immunity to Sergeant Martinez, even though the Court found that Officer Puerto had multiple grounds to arrest the Plaintiff. This is especially true, where as here, Officer Puerto has testified that the main impetus for the arrest was Sergeant Martinez's allegedly false claim that Plaintiff assaulted him inside the Sedano's Supermarket.[1]

---

[1] The following excerpt is taken from Officer Puerto's Deposition:
Q: So in this particular instance, you were aware that he did not possess the concealed weapons permit inside the Sedano's?
A: He made it known to me that he didn't have it with him.
Q: That he did not have it with him?
A: The permit.
Q: And when you say he told you this, that is Mr. Valdez?
A: Yes, sir.
Q: So this was communicated to you by Mr. Valdez?
A: Yes, sir.
Q: Did you ever ask the dispatcher for any information regarding whether Mr. Valdez had a valid permit?
A: I don't recall, but I know that at some point I made an inquiry as to whether or not he had a permit.
Q: And he did have a permit, correct?
A: It is my understanding that he did have a permit. But, however, my thinking at the time was that the permit did not excuse him from committing a felony with the firearm.

11

### D. *Proximate Cause of the Arrest*

Sergeant Martinez claims he is entitled to qualified immunity because he never instructed Officer Puerto to arrest Plaintiff and that Officer Puerto's independent decision was the proximate cause of the arrest. He argues that at most he caused Officer Puerto to initiate a citizen encounter with the Plaintiff, which led Officer Puerto to arrest him. The testimony of Officer Puerto, however, belies this argument. He says that he arrested the Plaintiff for committing a felony with a firearm (based on the information provided by Sergeant Martinez). This Court agrees with Magistrate Judge O'Sullivan's finding that Sergeant Martinez is not entitled to qualified immunity, simply because he was not the arresting officer. *Mead*, 571 F. App'x at 791 (citing *Kingsland*, 382 F.3d 1232) (holding that it is irrelevant to the qualified immunity analysis that the defendant was not the arresting officer, since "we have held that where falsified evidence provided by an officer is necessary to substantiate the probable cause for a plaintiff's arrest, that officer can be held liable.").

### E. *Malicious Prosecution*

Sergeant Martinez and Officer Puerto are seeking qualified immunity on the state law malicious prosecution claim. Magistrate Judge O'Sullivan recommends that the Court grant Officer Puerto qualified immunity, and Plaintiff has not objected to that recommendation. Accordingly, the Court affirms that finding. What is at issue is whether Sergeant Martinez is entitled to qualified immunity on the malicious prosecution claim.

---

Q: And the felony that he committed with the firearm was what?
A: The aggravated assault on Sergeant Martinez. . .
Q: The issue for you, however, was that he committed a crime with the gun, number one, correct?
A: Yes, sir.
Q: -- the aggravated assault? And also that he didn't carry the actual permit on his person?
A.: Right. And in addition to that, even if he did in fact have the permit with him, that it would not have excused him from committing a felony with the firearm.
Puerto Depo. at 86-87.

In the Eleventh Circuit, a police officer is the legal cause of a prosecution when that officer's testimony is the sole evidence supporting the charge. *Howard v. Gee*, 538 F. App'x 884, 889 (11th Cir. 2013) (holding that a police officer may be liable for a malicious prosecution when "the sole basis for a prosecutorial decision is an officer's fabricated evidence."). "The intervening acts of the prosecutor, grand jury, judge, and jury-assuming that these court officials acted without malice that caused them to abuse their powers- each break the chain of causation unless the plaintiff can show that these intervening acts were the results of deception or undue pressure by the defendant policemen." *Williams*, 297 F. App'x at 946 (quoting *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989)).

The record in this case shows the prosecutor relied on the video of the Thanksgiving Day incident in her case-in-chief. Because the video does not show significant commotion or onlookers, the Magistrate Judge opined that the prosecutor principally relied on Sergeant Martinez's fabricated story. A review of the trial transcript, however, reveals that the prosecutor believed the video corroborated the charges of resisting arrest and disorderly conduct. *See* Trial Transcript 3/12/2009 at 26 (D.E. 82-8) (Prosecutor: "You saw the video, the video of what happened outside, there appeared to be a group of people who were standing."); *id.* at 46 (Prosecutor: "When you take those videos back with you look at Camera Number 7 . . . which will show you that the Defendant resisted arrest.). The prosecutor also relied on Officer Puerto's testimony that a crowd was forming at the Sedano's Supermarket in response to commotion caused by the Plaintiff. This case is unlike *Howard*, where the Eleventh Circuit denied qualified immunity finding that the officer that fabricated evidence was the *sole* cause of the prosecution. Given the prosecutor's reliance on the video surveillance and Officer Puerto's testimony about what he saw upon arriving at the Sedano's Supermarket, this is not a case where the Plaintiff has shown that the prosecutor's intervening acts were the results of deception or undue pressure by

13

Sergeant Martinez. Accordingly, on this issue, the Court does not adopt the Report and Recommendation of the Magistrate Judge and finds that Sergeant Martinez has qualified immunity as to the Plaintiff's malicious prosecution claim.

### F. Concert of Action

As to the state law concert of action claim, Judge O'Sullivan recommends summary judgment in favor of the Defendants as there is no record evidence of a common plan or agreement between Sergeant Martinez and Officer Puerto. The parties have not objected to this recommendation and the Court agrees summary judgment is appropriate on this claim.

### G. Sovereign Immunity

Miami-Dade County seeks summary judgment on the Plaintiff's claim of false arrest and imprisonment based on the doctrine of sovereign immunity. The Plaintiff acknowledges that the County cannot be held liable for the actions of Sergeant Martinez, as he concedes the evidence is overwhelming as to his acting in bad faith. Having found that Officer Puerto had probable cause or arguable probable cause to arrest Plaintiff, Magistrate Judge O'Sullivan recommends, and this Court agrees, that the County cannot be held liable for Officer Puerto's actions. Accordingly, the Court enters summary judgment in favor of Miami-Dade County on the false arrest claim.

DONE AND ORDERED in Chambers at Miami, Florida, this _18_ of February 2016.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record